STRATTON et ux., Respondents, v. INTERSTATE FRUIT CO. et al, Appellants.

(199 N. W. 117.)

(File No. 5247.  Opinion filed May 28, 1924.)

1. **Master and Servant—Workmen's Compensation—Dependents—Evidence of Dependency of Compensation Claimants Held Sufficient.**

   Evidence of dependency of deceased's father and stepmother held sufficient to entitle them to compensation for his' death, under Workmen's Compensation Act.

2. **Master and Servant—Negligence—Injury While Doing Unauthorized Act Not Compensable.**

   Negligent doing of authorized act does not deprive employe of right to compensation, while the doing of an unauthorized act beyond sphere of employment does so operate.

3. **Master and Servant—Workmen's Compensation—Injury Received on Street While Returning to Work Held Compensable.**

   Truck driver, who, after making delivery near home, went home for dinner, and was' killed by collision with street car before he was again due at work, while on a street he would not have traveled had he returned to place of his employment before going home, held within scope of employment, within Workmen's Compensation Act.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. FLEEGER, Judge.

Proceedings within the Workmen's Compensation Act by Herbert M. Stratton and wife against the Interstate Fruit Company and the Continental Casualty Company.  From judgment allowing compensation and order denying new trial, defendants appeal.  Judgment and order affirmed.

*Cherry & Marker,* of Sioux Falls, for Appellants.

*Parliman & Parliman,* of Sioux Falls, for Respondents.

(1)  To point one of the opinion, Respondent cited:  Day v. Sioux Falls Fruit Co. (S. D.), 17 N. W. 816; Ward v. Krinsky (U. S.), 66 L. ed. 619; Tobin v. Bruce, 132 N. W. 933; McCook County v. Kammos, 64 N. W. 1123.

(2) and (3)  To points two and three, Appellant cited: Wilson v. Dakota Light & Power Co. (S. D.), 186 N. W. 828; Mann v. Glastonburg Knitting Co., 90 Conn. 116, 98 Atl. 368; Raynor v. Sligh Furniture Co., 180 Mich. 168, 146 N. W. 665; Hopkins

v. Michigan Sugar Co., 184 Mich. 87, 150 N. W. 325; Clark v. Voorhees (N. Y.), 131 N. E. 553; McInerney v. Buffalo & S. R. Ry. Co. Corp., 225 N. Y. 130, 121 N. E. 806; Hills v. Blair, 182 Mich. 20, 148 N. W. 243; Di Salvio v. Menihan Co., 230 N. Y. 309, 130 N. E. 304; Daly v. Bates & Roberts, 224 N. Y. 126, 120 N. E. 118; DeVoe v. N. Y. State Rys., 218 N. Y. 318, 113 N. E. 256; Brienen v. Wisconsin Public Service Co., 163 N. W. 182; Leveroni v. Travelers' Ins. Co., 107 N. E. 349; Griffith v. Cole Bros. (Ia.), 165 N. W. 577; Balboa Amusement Producing Co. v. Industrial Accident Commission (Cal.), 171 Pac. 108; Taylor v. Binswanger Co. (Va.), 107 S. E. 649; Nesbit v. Twin City Forge & Foundry Co. (Minn.), 177 N. W. 131; Ind. Commission v. Anderson (Cal.), 169 Pac. 135; Otto v. Duluth S. P. Ry. Co. (Minn.), 165 N. W. 1020; Pearce v. Ind. Com., 299 Ill. 161.

Respondent cited: J. E. Porter Co. v. Industrial Commission, 133 N. E. 652; Friebel v. Chicago City Ry. Co. (Ill.), 117 N. E. 469; In re Frish, 177 N. Y. Supp. 338; Pekin Cooperage Company v. Industrial Board of Illinois, 115 N. E. 128; Kunze v. Detroit Shade Tree Company (Mich.), L. R. A. 1917A 252; Munn v. Industrial Board (Ill.), 113 N. E. 110; Suburban Ice Company v. Industrial Board, 113 N. E. 979; White v. R. R. Co., 211 Ill. Ap. 14; Chandler v. Industrial Comm. (Utah), 8 A. L. R. 930; Hanson v. N. W. Fuel Co., 174 N. W. 726; Pete v. Mills (Wash.), L. R. A. 1916A 358; Karoly v. Industrial Commission (Col.), 176 Pac. 285; Raney v. State Industrial Comm. (Ore.), 166 Pac. 523; Rainford v. Chicago City R. R. Co., 124 N. E. 643; White v. Slattery, 127 N. E. 597; Robinson v. State, 104 Atl. 491; Bachman v. Waterman, 121 N. E. 8; Radison Hotel v. District Court of Hennepin County, 172 N. W. 897; In re Harraden, 118 N. E. 142; Schneider's Work. Com. Law, Vol. 1, Secs. 269-270, 271-272; Munn v. Indus. Bd., 113 N. E. 110; Widel Co. v. Industrial Commissioner (Wis.), 192 N. W. 449; Duffy et ux. v. Hickey, 91 So. 733.

POLLEY, J.   This appeal grows out of an award made by the Industrial Commission for the death of Clarence Stratton. The claimants, Herbert Stratton and Nettie Stratton, are the father and stepmother, respectively, of the decedent.   The defendant, Interstate Fruit Company, is a corporation engaged in the business of selling and distributing fruit, soft drinks, etc., to the trade

in the city of Sioux Falls. The decedent was employed by defendant as a truck driver to deliver such commodities to the various customers of defendant in said city. Defendant resists payment of the award on the ground, first, that the evidence does not show that the claimants were dependent in any degree on the decedent for their support, and, second, that the injury that caused the death of decedent did not arise "out of and in the course of his employment."

Upon the first proposition the facts are very nearly parallel to the facts in the case of Day et al v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816. In that case the claimants were the father and mother, respectively, of the decedent. The evidence shows that at the time of the injury the decedent was earning $85 per month; that he lived with his parents, and contributed something monthly to their support. We held that the evidence was sufficient to show dependency. In the course of the opinion in that case we said:

"Where persons of limited means, such as respondents, and otherwise entitled to compensation, had actually received contributions for [their] support from the wages of the deceased employee, such facts would constitute evidence strongly tending to establish dependency"—citing In re Derinza, 229 Mass. 435, 118 N. E. 942, 16 N. C. C. A. 210; In re McMahon, 229 Mass. 48, 118 N. E. 189.

[1] In this case the evidence shows that the decedent made his home with his parents; that they were without means other than the wages of the claimant Herbert Stratton; that the decedent was earning $120 per month; that he contributed something towards their support, and that in case of the disability of his father would have been obliged to contribute more. Following the same rule as we did in the Day Case, we are of the opinion that the evidence of dependency is sufficient to entitle the claimant Herbert Stratton to compensation.

The claim of appellant that the injury did not arise out of and in the course of decedent's employment is based upon the following facts: Appellant's place of business, and the place from which the commodities in whch it deals are delivered, is situated on the corner of First avenue and Tenth street. The truck that was used by decedent, when not in actual use, was kept in a

garage on Dakota avenue between Seventh and Eighth streets, three blocks west and two and one half blocks north of defendant's place of business. Decedent's home is situated on Minnesota avenue and Russel street, twelve blocks north and one block west of the garage where the truck was kept. On the morning of the injury that caused the death of decedent he left defendant's place of business with the truck loaded with a number of designated lots or orders of such commodities for such customers. The deliveries were all made as directed. The last place where a delivery was made was at the store of one Hassan Ballas. This store is situated on Main avenue and Russel street. From this place it is two blocks west and one-half block north to decedent's home. This delivery was made at just about 12 o'clock noon. After making this delivery, it was the duty of the decedent to return the truck directly to either the said garage or to defendant's place of business. To have done this he would have gone south on Main avenue a distance of twelve blocks, and would not have gone on Minnesota avenue at all. Decedent was allowed one hour, from 12 o'clock to 1. p. m. for his noonday meal. During this hour he was not under the control of the defendant, but could go where he wished and do as he saw fit. On this occasion, instead of returning with the truck directly to the garage, and then returning to his home for his noonday meal, he went with the truck directly to his home, a distance of two and one-half blocks, where he stopped and ate his lunch, and then, at about or probably a little before 1 o'clock he started south on Minnesota avenue. When he reached the intersection of Minnesota avenue and Brookings street, a distance of about three blocks from his home, the truck he was driving collided with a street car, resulting in his immediate death.

Defendant bases its claim that the injury did not arise out of nor in the course of the employment, on the ground, first, that the injury occurred during the noon hour, when decedent was off duty and not in the employ of, or in any wise answerable to, defendant for his conduct; and, second, that in taking the truck to his home he was disobeying orders to the effect that, after completing his deliveries each day, he was to return the truck directly to the said garage, or to defendant's place of business.

It is argued by defendant that, had decedent obeyed his or-

ders, he would have gone from the Ballas store south on Main avenue, and would not have gone upon Minnesota avenue or to the place where he was killed, at all. This may all be conceded, but it is not claimed that the travel on Minnesota avenue was more perilous than on Main avenue, nor that he had been ordered not to use the truck on Minnesota avenue. Whether decedent would have met with a fatal accident, had he gone directly south from the Ballas store, is a matter too vague and speculative to be used as the basis of a legal conclusion. He might or he might not have met with a fatal accident at any time or upon any street in the city.

Whether decedent, in strict obedience to his orders, would have returned with the truck an hour earlier and upon a different street than the one on which he was killed is of little consequence; the fact remains that at the time of the accident he was engaged in the strict line of his employment. One of his duties, when he was out making deliveries, was to pick up empty crates and cases belonging to the defendant, as he found them at the various customers, and return them to the store, and it is a fact that at the time of the accident he had a case of empty bottles and an empty banana crate in the truck, and was going in the direction of the store

[2] It is not every slight deviation from an employee's duty that will deprive him or his dependents of their right to compensation under the Workmen's Compensation Act (Laws 1917, c. 376). There is a distinction between negligently doing an authorized act and the doing of an unauthorized act or one beyond the sphere of the employee's employment. The first does not deprive the employee of his right to compensation, while the latter does. If the injury, or the risk of injury, is incidental to the employment, the right to compensation follows. In this case the decedent was employed to drive a truck on the streets of Sioux Falls. Injury by colliding with a street car was an incident to such employment—one of the risks he encountered in such employment.

This phase of the case has recently been discussed by the Supreme Court of Michigan in Gacesa v. Power Co., 220 Mich. 338, 190 N. W. 279, 24 A. L. R. 675, where the cases, both English and American, are collected, reviewed, and distinguished. See, also, Fournier v. Androscoggin Mills, 120 Me. 236, 113 Atl. 270, 23 A. L. R. 1156, and note.

In appellant's reply brief we find this admission:

"If Clarence Stratton was under his employer's control at the time of the accident, we concede defendant's liability."

This admission concedes the whole case, for, as long as he was driving that truck and doing what he was employed to do, he was under his employer's control, and it is immaterial whether it was 10 minutes after 1 o'clock, when by the terms of his employment he was required to be at work, or 10 minutes before 1, when he was, by the terms of his employment, off duty, or whether he was driving south on Main avenue, or on Minnesota avenue, two blocks west of Main avenue.

[3]    Appellants contend that under the rule announced by this court in Wilson v. Electric Light & Power Co., 45 S. D. 175, 186 N. W. 828, the claimants are not entitled to recover in this case.    The two cases are not analogous.    In that case we held that tearing down a brick wall with a "pinch bar" was not within the scope of decedent's employment as chief engineer of an electric light and power plant.    We still adhere to the rule followed in that case.    In this case the decedent was employed to operate a delivery truck on the streets of the city of Sioux Falls, and was killed, while driving said truck over one of the streets of said city, by colliding with a street car.    This was one of the dangers to which he was exposed in performing the duties of his employment, and being struck by a street car was incident to such employment.    He may have deviated to some extent from the strict line of duty, but he was within the scope of his employment, and well within the provisions of the statute allowing compensation for injury.

The judgment and order appealed from are affirmed.

Note.—Reported in 199 N. W. 117.    See, Headnote (1), American Key-Numbered Digest, Master and servant, Key-No. 405(5), Workmen's Compensation Acts, Sec. 49; (2) Master and servant, Key-No. 375(1), Workmen's Compensation Acts, Secs. 72, 73; (3) Master and servant, Key-No. 375 (2), Workmen's Compensation Acts, Sec. 75.

On injuries to employee while on the street, as injuries arising out of and in the course of the employment, see notes in L. R. A. 1916A, 314; L. R. A. 1917D, 114; L. R. A. 1918F, 911.

On the question as to who are dependents within meaning of Workmen's Compensation Acts, see notes in L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483.

On injury received while doing prohibited act, see notes in 23 A. L. R. 1161; 26 A. L. R. 166.

As to what constitutes "dependency" within meaning of Workmen's Compensation Acts, see note in 13 A. L. R. 686.

For Workmen's Compensation Act, see Rev. Code 1919, Sec. 9398 et seq. and 9 U. L. A. 301.