JAMES VALLEY BANK, Respondent, v. NICHOLAS et al., Appellants.

(199 N. W. 117.)

(File No. 5329.  Opinion filed May 28, 1924.)

1.  **Appeal and Error—Usury—Waiver—Defense of Usury May Not Be First Urged on Appeal.**

    The defense that a note is usurious may not be first urged on appeal.

2.  **Mortgages—Judicial Sales—Foreclosure—Sale en Masse of three Quarter Sections of Land Held Not Violation of Statute.**

A mortgage foreclosure sale en masse of three contiguous quarter sections of land used as a single farm was not a violation of Rev. Code 1919, Sec. 2883.

Appeal from Circuit Court, Hand County; HON. ALVA E. TAYLOR, Judge.

Action by the James Valley Bank against Percy Nicholas and Eva L. Nicholas. From judgment for plaintiff, and an order denying a new trial, defendants appeal. Judgment and order affirmed.

*Frank R. Fisher,* of Miller, for Appellants.

*Harlan J. Bushfield,* of Miller, for Respondent.

POLLEY, J. This action was brought to recover a deficiency due on a promissory note after a sale of property under a mortgage given to secure payment of the said note. Judgment for plaintiff, and defendants appeal.

[1] On the appeal two defenses are urged. The first defense is that the note provided on its face for the payment of usurious interest, and therefore is void. This defense is raised for the first time on the argument in this court. It is not pleaded in the answer, nor was it presented to the trial court on the trial, nor on the motion for a new trial, nor in this court by any assignment of error. Under the long-established rule of this court, it cannot be considered now.

[2] The other defense is that the mortgaged property, consisting of three quarter sections of land, was sold en masse, in violation of the provisions of section 2883 Rev. Code 1919. The three quarter sections of land are contiguous, and are used and occupied by the mortgagors as a single farm. This brings the case within the rule that was followed by this court in Nelson v. Caspary, 46 S. D. 632, 195 N. W. 552, Hagan v. Pratt, 46 S. D. 267, 192 N. W. 370, and Bank v. Fair Ass'n, 2 S. D. 145, 48 N. W. 852. Upon the authority of these cases, the sale was legal.

The judgment and order appealed from are affirmed.

Note.—Reported in 199 N. W. 117. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 173(8), 3 C. J. Sec. 593; (2) Mortgages, Key-No. 358, 27 Cyc. 1480.