AMERICAN CASUALTY COMPANY *v.* JOE MCDONALD.

(*Nashville,* December Term, 1932.)

Opinion filed March 18, 1933.

CATE & CATE, for plaintiff in error.

L. M. DAVIS, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a compensation case brought against the insurer of the employer. There was an award in favor of the employee and the insurer has appealed.

The employer operates a bicycle sales and repair shop in Nashville and the employee is the head of the repair department. The concern has the job of keeping in repair the bicycles kept by the telegraph companies, druggists, and others, for the use of their messengers, and appears to do extensive business. The injured employee has regular hours but was used as an emergency man and subject to call at any time for emergency work. He was furnished with motorcycles by the employer for use between the employee's home and the shop and to answer calls out in the city.

The accident occurred on Sunday night. The employee, however, had been working at the shop, under orders, during the day repairing one of the motorcycles. These repairs had not been completed when the employee went home to supper. After finishing his supper, he started back to the shop. The motorcycle he was riding had a side car attachment. When the employee started from home, he agreed to take his brother and another young man to the office of the Tennessean. One of these young men got in the attachment on the side of the motorcycle and the other rode in the saddle with the employee.

The employee lived in the 400 block on Third Avenue, South. The employer's shop was in the 500 block on Broad Street. Broad Street and Third Avenue are intersecting streets, the former running east and west and the latter north and south. The houses on Third Avenue and other avenues are numbered north and south from Broad Street. The Tennessean office is located on

Fourth Avenue two and one-half blacks north of Broad Street.

On his trip, the night he was injured, the employee, instead of turning west on Broad Street crossed that street and proceeded north on Third Avenue until he reached an alley about half way between Church Street and Union Street, two and one-half blocks north of Broad Street. He turned west from Third Avenue, North, into this alley in order to reach the Tennessean office, located on the corner of the alley and Fourth Avenue, North.

About half way between Third Avenue and Fourth Avenue the alley referred to is intersected at right angle by another alley. As the motorcycle operated by the employee was passing over the crossing of the two alleys it was struck by an automobile going north on the intersecting alley at a high rate of speed. The crossing of the two alleys is referred to in the record as a blind crossing. The employee received severe injuries in the collision, likely to be permanent.

Although there is some controversy, we think that the employee's injury would have arisen out of and in the course of his employment had he been pursuing a natural route from his home to the shop when this accident occurred. *McClain* v. *Kingsport Improvement Corp.*, 147 Tenn., 130. The young man, however, departed from his natural route and the question is whether this deviation is of sufficient consequence to deprive him of his right to compensation.

 Compensation may not be recovered if the employee when injured has departed from the service of the master and is performing a voluntary service for the accommodation of another. *Hinton Laundry Co.* v. *DeLozier*, 143 Tenn., 399. On the other hand, it is not every

apparent departure from the course of the employment which will bar compensation. *Shockley* v. *Produce & Ice Co.,* 158 Tenn., 148. Each case must be decided on its own facts.

Counsel for the employee refer us to *Barrager* v. *Industrial Commission* (Wis.), 78 A. L. R., 679, 238 N. W., 368, which, following *Matter of Marks* v. *Gray,* 251 N. Y., 90, 167 N. E., 181, recognizes that a servant may be protected on his travel under a compensation statute, although service to the master is not the sole object of the trip. If the business of the master creates the necessity for the travel, the servant is in the course of his employment although he is furthering at the same time some purpose of his own.

In disposing of the above case, the Wisconsin Court said:

"We have concluded that it is essential, by some process or other, to determine whether, at the outset, the trip in question was that of the employer, or that of the employee. Having determined that it was the employer's trip, the employee is engaged in his employer's business and acting within the scope of his employment while going to and returning from the terminus of the trip. If it is the employee's trip he is not within the scope of his employment while enroute to, or returning from, the terminus of his trip. In case it is the employer's trip, and there are any detours for purely personal objectives, such detour must be separated from the main trip and the employee held to be outside the scope of his employment during such detour. If it is his own trip, then such detours as are made for the purpose of dispatching business for his employer must be held to be within the scope of his employment."

On this trip from his home to the shop, when the employee passed north of Broad Street, he was making a detour for personal objectives—the accommodation of his brother and his friend. Relatively speaking, the detour intended was considerable. The entire distance from the employee's home to the employer's shop was about six blocks. The detour—two and one-half blocks north from Broad Street and back to Broad Street—about five blocks, practically doubled the distance of the trip. Undoubtedly, too, this detour enhanced the danger of the trip. It took the employee through an alley, doubtless not so well lighted as the main streets, and took him through a blind crossing, as aforesaid, which he would not have encountered on the direct route between his home and the shop,

Counsel also refer us to *Railway Express Agency* v. *Lewis* (Va.), 76 A. L. R., 350; and *Stratton* v. *Interstate Fruit Co.*, 47 S. D., 452, 199 N. W., 117, and like cases, as sustaining the award made herein.

In each of those cases the employee, on his employer's trip, deviated from the natural route to go on a personal errand, but the accident happened after the personal errand was accomplished and the employee had started back to the place where he was to perform some service or work for the employer. The cases reasoned that although there was a departure the employee had resumed the employer's service at the time of the accident.

We do not have this situation before us. The employee here had departed from the natural route he would have pursued on the employer's business. He was taking the other boys to the Tennessean office when the accident occurred. He was injured before he reached the Tennessean office, before he had completed his personal undertaking.

While the employee in the suit before us was badly injured and the case presents some distressing features, it is, in our opinion, simply impossible to relate that portion of this trip from Broad Street to the Tennessean office to the service of the employer. Therefore the injury did not arise out of and in the course of the employment, and the judgment below must be reversed and the suit dismissed.