STANDARD TIRE & BATTERY CO. *v.* SHERRILL.

(*Jackson,* April Term, 1936.)

Opinion filed July 3, 1936.

HARRY SPEARS, of Memphis, for plaintiff in error.

RALPH DAVIS, of Memphis, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Following a street intersection collision between Sherrill's car and one driven by Robert Donnell, an employee of the Standard Company, Sherrill sued for damages to his car in a magistrate's court and obtained judgment against Donnell, Standard Tire & Battery Company, and R. O. Darmody, owner of the car Donnell was driving at the time. The circuit court held Donnell and the Standard Company liable, but discharged Darmody. Only the Standard Company appealed, and the Court of Appeals affirmed as to it. This court granted *certiorari* and has heard argument.

Issues of negligence and contributory negligence have been settled in the lower courts in favor of Sherrill.

The Standard Company, petitioner in this court, presents here the single question whether or not there is material evidence that Donnell, the driver of the car, was on the business of petitioner and acting within the scope of his general employment at the time and place of the collision. The pertinent facts are that Donnell was a regular employee of the Standard Company in its operation of a filling station located on the southwest corner of Madison avenue and Auburndale street. Darmody was his superior in charge of this station. On the day of the collision Darmody sent Donnell to collect certain customer accounts. Donnell, at his own election, used a car which was the personal property of Mr. Darmody, instead of a car or truck owned by the company. He had made four calls, one on Cooper street, one on Landess street, one on Cowden and one on Vinton avenue. All of these points were east of Belvedere boule-

vard, which runs north and south, three blocks west of Auburndale. His last call was to be made on Belvedere, at a point north of Madison avenue. Just after making his call on Vinton avenue, he met Fielding Pickering, an old friend, about the corner of Vinton and Cooper, who requested him to drive him to the Central High School. This he consented to do, and, running a block south, turned west into Harbert avenue, and it was as he was driving west along Harbert and reached its intersection with Willett street that his car collided with that of Sherrill, who was driving north on Willett. Now Willett street is three blocks west of Belvedere boulevard, which he had crossed and passed as he proceeded west on Harbert. The Central High School, which was his destination, is located some five blocks west of Willett and some eight blocks beyond and west of Belvedere, on which was located the most westerly point to which he was directed, or called upon, to go on the business of his employer. The specific insistence for petitioner, on these facts, is that when the collision occurred Donnell had deliberately abandoned his master's mission and substantially departed from the route and course called for by his employment, and was on a purely personal mission.

The learned Court of Appeals quite accurately thus states the applicable rule of law:

"We are also of the opinion that where a servant deviates from his line of duty and engages in a mission of his own, or for some third person, the master cannot be held liable under the rule of *respondeat superior*. *Lampley* v. *Faire*, 6 A. C., 519; *Woody* v. *Ball*, 5 Tenn. App., 300; *Yellow Cab Co.* v. *Bailey*, 5 Tenn. App., 349; *Burris* v. *Farrell Bros.*, 14 Tenn. App., 121; *Phillips-*

*Buttorff Mfg. Co.* v. *McAlexander,* 15 Tenn. App., 618; *Goodman* v. *Wilson,* 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116; *Core* v. *Resha,* 140 Tenn., 408, 204 S. W., 1149; *Kennedy* v. *Union Charcoal & Chemical Co.,* 156 Tenn., 666, 4 S. W. (2d), 354, 57 A. L. R., 733.''

█ However, as we understand its opinion, the court refused to apply this rule on the theory that the facts relating to this question were in dispute and that the finding of the jury, approved by the trial judge, was decisive of the issue. We are unable to find any material conflict of fact in the evidence on this question of a departure from the route and mission of the employer. It is conceded that the collision occurred at the intersection of Harbert avenue and Willett street, and that Donnell was driving west on Harbert with Pickering in his car. It is undisputed that the most westerly point to which Donnell's employer's mission took him on that day was on Belvedere boulevard. It is not, and cannot be, seriously contended that Donnell was en route, even circuitously, to this point on Belvedere. This is not a case of merely incidental deviation from a direct course. He was driving directly away from his employer's objective and toward another and wholly different objective which was personal to him and his friend. But for this the collision would not have occurred.

Counsel and the Court of Appeals suggest, rather than stress, that Pickering ''did not make an impressive witness;'' that he was vague as to the exact purpose of his trip to Central High School. But his testimony was taken, given long after the event, by deposition, while he was disabled, as he had been for years, and it is not strange that he did not recall this detail—nor is the point important in view of the positive and direct testi-

mony of both Pickering and Donnell that they were going to the high school, supported by the physical facts of the location of the collision. Neither of these young men were employees of the defendant corporation when they testified. Both seem to have given their testimony frankly and without apparent bias or prejudice. No attempt was made to impeach either of them by introduction of witnesses or by contradiction. Nor do we think the cross-examination was impeaching in its effect. No contradiction or confusion was developed on material matters. The controlling facts on this determinative issue seem to us established beyond all reasonable doubt.

We do not understand the Court of Appeals to question that, if the statements of Donnell and Pickering are accepted, the extent of the departure from the master's mission would be sufficient to relieve the employer of liability, under the authorities cited. This is our opinion. This court has denied *certiorari* in several cases decided by the Court of Appeals in which the deviations from routes were no more pronounced than that here shown. For example, *Burris* v. *Farrell Bros., supra,* and *Yellow Cab Company* v. *Bailey, supra.* The same principle finds frequent application in Workmen's compensation cases. See *American Casualty Co.* v. *McDonald,* 166 Tenn., 25, 57 S. W. (2d), 795. The conclusion announced renders it unnecessary to discuss the further theory of petitioner that Donnell was using a car which was not the property of his employer, and which was not permitted to be used in the business in which he was engaged, and that therefore he was beyond the scope of his employment.

Reversed, and suit dismissed.