MARTIN *v.* FREE SERVICE TIRE CO.

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

GEORGE N. BARNES, W. J. CARTER & JOHN GOODIN, Johnson City, for plaintiff in error.

MILLER, MILLER & MARTIN, of Johnson City, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The only question in this Workmen's Compensation Case is whether the accident which injured employee Martin was an accident arising out of and in the course of his employment, Code, Section 6852(d), by Free Service Tire Company. At the conclusion of the introduction of evidence by plaintiff employee, the Court sustained a motion of defendant employer to dismiss the case on the ground that "at the time of the accident" Martin "was not acting in the course of his employment". So, we have only a question of what is the law applicable to undisputed facts.

Martin was employed by appellee as a collector of accounts, and worked out of Johnson City, where the office of employer is located. He was ''advised that he started to work at 8:30 and was off at 5:30''. His duties took him to the coal fields in Virginia and in North Carolina and to towns and villages in Washington and other counties. He traveled in his own car with expenses paid by employer. He returned to Johnson City each night from whatever place he had gone that day. His practice was to turn in collections on the following morning. It is obvious that adherence to the 8:30 a.m.—5:30 p.m. schedule could not have been contemplated by employer and employee since Martin, in the performance of his duties, necessarily would often be away from Johnson City at the arrival of 5:30 p.m. This, in fact, was usual. He often worked beyond that hour and after dark, with the knowledge of at least his immediate superior.

On the day of his injury, January 23, 1948, he had worked in and around Johnson City and the town of Elizabethton until approximately 5:00 p.m. and then left Johnson City to go to the village of Bailey's Bridge, approximately twenty miles away, for the collection of two accounts. His route to and from Bailey's Bridge was by way of Jonesboro, which is between five and six miles from Johnson City. Approximately four miles from Jonesboro and off of a direct route from Jonesboro to Bailey's Bridge was a place called Woodland Lake. The brother of Martin's wife operated a restaurant at Woodland Lake. Martin's wife was visiting her brother there at the time.

Before Martin left Johnson City for the collection of these accounts at Bailey's Bridge, he arranged with his

wife "to stop there (Woodland Lake) and eat supper" "on my way back" from Bailey's Bridge.

Martin collected one substantial account at Bailey's Bridge, but was unable to locate the other account that night. He then left that place about 6:30 p.m. and drove to Woodland Lake "with the intention of having supper that night with my brother-in-law and his (my) wife".

Martin arrived at Woodland Lake around 7:00 p.m. After he and his brother-in-law had two usual size drinks of whisky, the three had dinner and Martin "started back" to Johnson City between 8:30 and 9:30 p.m. As we interpret the evidence, his route took him back to a highway that leads directly from Bailey's Bridge to Jonesboro and on to Johnson City. While being driven along this highway towards Johnson City, Martin's car skidded on the iced pavement and went off a high embankment. He and his car were found there around midnight. It is his idea that he remained unconscious for some time.

In view of the statement that Martin had two drinks of whisky before dinner, it is now observed that all the evidence without contradiction is that Martin was not at all intoxicated at any time that night. So, the question of intoxication is not in this case. The drinks are mentioned only because of some comment about them in appellee's brief.

It was in the aforestated accident that Martin received the very serious and permanent injuries for which this suit was brought. The question is whether under the above related facts that accident arose out of and in the course of his employment.

█ If the duty of the employee creates the necessity for travel, then "the risks of travel are directly incident

to the employment itself. In such cases resulting injuries are the proper subject for compensation." *Central Surety & Ins. Corp.* v. *Court,* 162 Tenn. 477, 480, 36 S. W. 2d 907, 908. During the course of such travel, it is "necessarily within the contemplation of" the employer and employee "that there would be periods of rest and times for food". *Employers' Liability Assur. Corp.* v. *Warren,* 172 Tenn. 403, 413, 112 S. W. 2d 837, 841.

The hour for rest and food arrived during the trip in question here, because Martin had worked all day and did not complete his task at Bailey's Bridge until the dinner hour, 6:30 p.m. If, therefore, Martin had traveled a usual route back to Johnson City from Bailey's Bridge, and had stopped at some restaurant along the side of its highway for the purpose of rest and food, this would have been an act within the terms of his employment. *Employers' Liability Assur. Corp.* v. *Warren, supra.* If he had selected a certain restaurant along that route for such rest and food because he knew that his wife and brother-in-law would be at that particular restaurant, that immaterial fact certainly would not have taken him from under the contemplated terms of his employment.

If after partaking of such reasonable rest and food at such restaurant along such usual route he had bade his wife and brother-in-law good-bye and resumed his journey back to Johnson City along this usual route, such resumption of travel would have been within the contemplated course of his employment, and the risk of his travel on into Johnson City would have been a risk incident to that employment. Hence, had the accident in question happened under those circumstances, the resulting injuries to Martin would have been compensable under the statute. *Central Surety & Ins. Corp.* v. *Court, supra.*

The circumstances supposed in the two immediately preceding paragraphs were the actual circumstances under which the accident in question did occur with one exception. That exception is that Martin went to a restaurant about three miles off a usual route for such rest and food. His personal reason for this detour was that his wife and brother-in-law would be at that particular restaurant. After procuring that rest and food, and within a reasonable time, he resumed his journey back to Johnson City. He had completed the detour and was back on a highway usually traveled at the point in question between Bailey's Bridge and Johnson City when the accident occurred.

Therefore, the determinative question is whether this detour from a usual route for rest and food takes Martin's case from under the statute, notwithstanding the fact that the detour from such usual route had ended and Martin was back upon the usual route at the time of the accident, after having taken what cannot be considered an unreasonable length of time for such rest and food.

In the case of *American Casualty Company* v. *McDonald,* 166 Tenn. 25, 57 S. W. 2d 795, 796, this Court dealt with the question of what effect a detour for a personal reason upon the part of the employee has upon such employee's rights under the Workmen's Compensation Statute. That opinion, after taking note of a New York case (*Mark's Dependents* v. *Grey,* 251 N. Y. 90, 167 N. E. 181) therein mentioned and after observing that the Wisconsin case of *Barrager* v. *Industrial Commission,* 205 Wis. 550, 238 N. W. 368, 78 A.L.R. 679 followed the New York case, then quoted from that Wisconsin case in part as follows:—". . . Having determined that it was the employer's trip, the employee is engaged in his employ-

er's business and acting within the scope of his employment while going to and returning from the terminus of the trip. If . . . there are any detours for purely personal objectives, such detours must be separated from the main trip and the employee held to be outside the scope of his employment *during such detour*." (Our emphasis.)

The opinion in *American Casualty Company* v. *McDonald, supra,* then stated the following distinction between the case with which it was dealing, on the one hand, and on the other, the New York and Wisconsin cases and others to which the McDonald opinion referred: "In each of those cases the employee, on his employer's trip, deviated from the natural route to go on a personal errand, but the accident happened after the personal errand was accomplished . . . ."

While it must be regarded as dictum, the inescapable conclusion to be drawn from *American Casualty Company* v. *McDonald, supra,* is that the employee would have been entitled to recover in that case had the accident happened after the employee had returned from the detour. That is possibly the weight of authority upon the question here on facts similar to those of the instant case. A number of such authorities are gathered in 76 A.L.R. 356, et seq. Such conclusion seems to be sound on principle and in keeping with the equitable construction which our Courts are required to place upon the provisions of the Workmen's Compensation Law, Code, Section 6901.

█ In our opinion, and with the utmost deference to the learned Trial Judge, an opposite conclusion in the instant case would supplant such required equitable construction with one that would be technical and unfortunate. This, because the deviation by Martin in the in-

stant case was slight. This Court has long since held that "temporary departures for purposes of refreshment do not operate to disentitle the employee to compensation", *Shockley* v. *Morristown Produce & Ice Co.*, 158 Tenn. 148, 158, 11 S. W. 2d 900, 903, and that "it is not every apparent departure from the course of the employment which will bar compensation." *American Casualty Co.* v. *McDonald*, 166 Tenn. 25, 28, 57 S. W. 2d 795, 796. The departure here did not at all increase the hazard of the travel, because it in no way increased the darkness and the ice which Martin would have encountered had he not made the slight detour upon which appellee relies.

For the reasons stated, we conclude that this accident in which Martin was injured arose out of and in the course of his employment. Accordingly, the judgment must be reversed and the cause remanded for further proceedings consistent with this conclusion. The costs of the appeal will be adjudged against the appellee.

All concur.