UNDERWOOD TYPEWRITER Co. *et al. v.* SULLIVAN.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

JOSEPH G. CUMMINGS and HUME, HOWARD, DAVIS & BOULT, all of Nashville, for appellants.

LURTON GOODPASTURE, SR., and CATE & CATE, all of Nashville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Mrs. June Betow Sullivan brought this suit individually, and also for the use and benefit of her minor children, against the Underwood Typewriter Company and the Travelers Insurance Company to recover compensation, under the Tennessee Workmen's Compensation Law, for the death of her husband, Harold Morton Sullivan.

The defendants interposed the defense that the injury which caused the death of the deceased did not arise out of or in the course of his employment, and hence was not compensable. The trial judge sustained the petition for compensation and made an award as provided by law. From his judgment an appeal was prayed and granted to this Court.

The sole question presented in the several assignments of error is whether or not the fatal accident, in which petitioner's husband lost his life, arose out of and in the course of his employment.

The facts of the case are not seriously disputed. Mr. Sullivan was an employee of the Underwood Typewriter Company in Nashville, Tennessee. He left surviving him his widow, the petitioner, and three minor children. He was a typewriter repairman and was selected by the

Manager of the local office in Nashville to take a course of study in repairing electric typewriters. He was required to attend this course in Oklahoma City, Oklahoma, which continued for a period of three weeks. While taking this course he was paid his regular salary, plus $30 per week for living expenses, together with travel expenses to Oklahoma City and return to Nashville. The school was in session eight hours a day and five days in each week, that is Monday through Friday. All employees were free to do as they pleased after 4:45 p. m. the days the school was actually in session as well as on Saturday and Sunday. There were no night classes.

The circumstances of the accident are correctly stated in the appellants' brief, as follows:

"James Milton Perry was another employee of the defendant, also attending the same course as the deceased. Mr. Perry had brought his own car to Oklahoma City. (R. pps. 30, 37) On a Saturday afternoon while petitioner's deceased husband and Mr. Perry were in Oklahoma City, the two of them got Mr. Perry's car and along with a Mrs. Holston, who was also a guest in the same hotel where Mr. Perry and Mr. Sullivan were staying, went riding in Mr. Perry's car with the object of obtaining some bird seed for Mrs. Holston's bird. It seemed that she required some special type of bird seed, and that the only place it could be purchased was at a point some distance from the hotel. The three (3) of them were riding around in Oklahoma City at the time Mr. Perry ran through a stop sign and was struck by another automobile, resulting in the immediate death of Mr. Sullivan, the petitioner's husband (R. pps. 21, 40, 41, 42 and 43).

"The accident occurred about 6:30 P.M. on Saturday night, November 10, 1951. (R. pps. 6, 20, 36, 50)"

The brief of the appellees does not controvert any of the foregoing statement of facts by the appellants. It is doubtless true, as insisted by petitioner's counsel, that at the time of the accident the deceased and his fellow student, Mr. Perry, were on their way back to their hotel.

The appellees are correct in their insistence that in taking this course of study he was acting under order of his employer. His employer stated, however, he would not have discharged him "if he refused to go".

"Question by the Court: It was up to him to get that course in order that he might personally advance? A. That is right."

The contention of counsel for Mrs. Sullivan that "if there is any evidence to support the findings of the trial judge such findings will not be disturbed" is correct. Also that the Court must give a liberal construction to the provisions of the Compensation Act, is settled law under all the authorities.

We have given consideration to all the cases cited on the brief of counsel for Mrs. Sullivan, and especially *Tennessee Chemical Co.* v. *Smith,* 145 Tenn. 532, 238 S. W. 97, 99 holding that an injury is compensable if it occurs " 'at a place on, or reasonably near, the premises where he is to work, or at a place to which his employment requires him to go while doing something incident to or connected with his employment, * * *. Where an employee is injured while on duty, or while doing something incident to his employment, and reasonably necessary to his personal health or comfort, though not strictly necessary to his employment, such injury will

ordinarily be held to arise out of the employment'—citing authorities.''

We have noted with interest the case of *Martin* v. *Free Service Tire Co.,* 189 Tenn. 327, 225 S. W. (2d) 249, 250, where the Court holds: ''If the duty of the employee creates the necessity for travel, then 'the risks of travel are directly incident to the employment itself.' ''

We think these cases do not control the case at bar. Had Mr. Sullivan been injured while traveling to Oklahoma City or while returning to Nashville it would undoubtedly have been compensable under *Martin* v. *Free Service Tire Co.,* supra. But the facts are entirely different from what is shown in the case now before us. The same is true of *Carter* v. *Hodges,* 175 Tenn. 96, 132 S. W. (2d) 211, where the deceased, a traveling salesman, died in a hotel fire in a city not in his territory but one in which he customarily stopped while traveling to and through his sales territory. The accident was held compensable ''because his employment *necessitated* his going from Athens, Georgia, to Newnan, LaGrange and Carrelton.'' Under the facts of the instant case it conclusively appears that the duties of the deceased did not require that he travel anywhere while in the State of Oklahoma, or within the confines of Oklahoma City except to his school and back to his hotel. At the time of Mr. Sullivan's fatal injury he was not on any mission in which his employer had the slightest interest.

In *Davis* v. *Wabash Screen Door Co.,* 185 Tenn. 169, 204 S. W. (2d) 87, 88, it is held:

''An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is

required to be performed and the resulting injury.''
In the foregoing case it was also said:

"Where at the time of the injury the employee is
engaged in a voluntary act not accepted by or known
to his employer, and outside of the duties for which
he is employed, the injury cannot be said to be in the
course of the employment.''

We have repeatedly held that an injury to be
compensable must arise out of as well as in the course of
the employment. See *Thornton* v. *RCA Service Co.,*
188 Tenn. 644, 221 S. W. (2d) 954.

The case at bar is controlled by our holding in *Employers' Liability Assur. Corp.* v. *Warren*, 172 Tenn.
403, 112 S. W. (2d) 837; also in a late case, published
herein, of *Lumbermen's Mutual Casualty Co.* v. *Dedmon*,
196 Tenn. 94, 264 S. W. (2d) 567, 570, opinion by Mr.
Justice Tomlinson, wherein Mr. Dedmon, a traveling
lumber inspector, was killed in Morristown, Tennessee,
while crossing Main Street on a personal mission.
His business carried him to Morristown but his mission
across the street from his hotel was for the purpose of
showing to the manager of a sporting goods store a
fishing reel which he prized very highly. In the course of
this opinion the sole question was whether or not the
injury arose out of and in the course of Mr. Dedmon's
employment. Mr. Justice TOMLINSON, speaking for the
Court, held:

"Mr. Dedmon was at the place where he was
struck at the time he was struck solely because of the
personal mission which he had undertaken.

\*　\*　\*　\*　\*　\*

"It is true that the deviation was slight in so far
as distance is concerned, but in making such devia-

tion Mr. Dedmon exposed himself to a hazard in no way connected with his employment and thereby was killed."

The assignments of error are sustained; the judgment of the trial court is reversed and the case dismissed.