JUANITA McCLARD GREGORY

*v.*

PACK PORTER, JESS BRAWNER and LEON COTHRON et al.

(*Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

Rehearing Denied April 8, 1959.

Harold Howser, Gallatin, for appellant.

F. C. Gorrell and Cecil Sims, Nashville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation case, in which the court below awarded compensation for the accidental death of the deceased, Thomas Lawrence Gregory, in a

car-truck collision occurring near Donelson, on Highway 70-N, which resulted in the death of the plaintiff's intestate.

The only question presented is whether or not, at the time of his death, the deceased was on his master's business or whether he was on a personal mission.

In order to properly understand the problem before us it is necessary that we give a rather detailed statement of the facts.

The deceased was employed by P. & B. Chevrolet Company in LaFayette, as a mechanic, salesman and driver, and his duties included driving and delivering cars, and at times it was necessary that he go on trips to other counties and distant points. On these trips he was furnished transportation and expenses paid by his employer.

The deceased was injured about 10:00 o'clock p.m., on Tuesday, June 25, 1957, in a car accident which occurred about a mile west of Donelson on State Highway 70-N in Davidson County. This highway generally runs east and west from Nashville to Lebanon. At the time of the accident the deceased was travelling east on said highway when a collision occurred between the car he was driving and a truck travelling west. At the time of the accident the deceased was driving the defendant's car, which was registered in the partnership name and carried the defendant's dealer's license tags.

It was insisted by the petitioner that at the time of the accident the deceased was on his way home by a direct, usual and customary route. While, on the other

hand, the defendant insists, at the time of his death, the deceased was on a purely private mission.

On the occasion in question the deceased and Pack Porter, one of the partners, made a trip from LaFayette to Millington, in Shelby County, to deliver a car. The deceased met Porter in Hartsville, Tennessee, on June 24, 1957. Porter was driving a station wagon and the deceased drove a new Chevrolet pick-up for delivery. The deceased left LaFayette about 5:00 o'clock p.m. on that day, and told his wife where he was going and that he would be home Tuesday, or if anything happened that he would not get back he would call her when he got to Nashville. He never called her.

Porter and the deceased delivered the car Tuesday at a State Park near Millington, and returned to Nashville in the station wagon, arriving about 6:00 p.m., and they delivered a Jeep which they had towed to a used car lot on the Murfreesboro Road and then went to the Airways Motel, which is located on the Lebanon Road. It seems that the deceased borrowed a Ford car from one Cothron.

It is insisted by the petitioner that the deceased was on his way home to LaFayette on a direct route and the way he usually travelled by way of Lebanon and Hartsville, and that under the state of the pleadings it is incumbent upon defendant to show that he was on a personal mission and not on his way home at the time of the accident.

It is a well settled rule that when the duties of an employee require travel, injuries received as a result of such hazards incident to such travel are compensable. *Lumbermen's Mutual Cas. Inc., v. Dedmon,* 196 Tenn.

94, 95, 264 S.W.2d 567; *Central Surety & Ins. Corp. v. Court,* 162 Tenn. 477, 36 S.W.2d 907.

Detours made during such travel for personal missions of the employee are not compensable because that portion of the trip is not related to the services of the employer. *American Cas. Co. v. McDonald,* 166 Tenn. 25, 57 S.W.2d 795.

Now, the car in which the deceased was driving was registered in the partnership name and carried the defendant's dealer's license tags.

It also appears that there are two ways one might go from Nashville to LaFayette, and that the deceased was on the road he usually travelled between Nashville and this point.

Certainly there is a presumption that the deceased was on his way home to be with his family and there is nothing to rebut the position that he was on a business errand and was not on a mission purely personal in nature. See in this connection T.C.A. sec. 59-1038.

We are therefore of the opinion that there was an abundance of evidence to show that at the time of his death, the deceased was on the partnership's business.

It results that the assignments of error must be overruled and the Chancellor's decree, awarding compensation, is affirmed.