Thomas J. SMITH, Appellant,

v.

ROYAL GLOBE INSURANCE COMPANY, INC., et al., Appellees.

Supreme Court of Tennessee.

May 31, 1977.

---

Calvin H. Walter, Walter, Gilbertson & Claiborne, Thomas Marshall Cole, Knoxville, for appellant.

F. Graham Bartlett, McCampbell, Young, Bartlett & Hollow, Knoxville, for appellees.

## OPINION

HENRY, Justice.

This workmen's compensation appeal presents the single issue of the entitlement of an injured construction worker to recover on the basis of injuries sustained while en route to his home in Knoxville from a construction site in Big Stone Gap, Virginia, some 115 miles away. The Chancellor denied the claim. We affirm.

The basic facts were stipulated and are as follows:

1. On December 8, 1974, and for some months prior thereto, the plaintiff was employed by the defendant and both were bound under the Workmen's Compensation laws of the State of Tennessee.

2. That the business of the employer was excavation and construction work and many of the jobs were in localities away from the principal office of the employer, which was located in Knoxville, Tennessee. Employees furnished their own transportation when they traveled to any out-of-town work location and were not paid for any time up until the employee actually went to work on the job site. This and other employees were not paid any mileage or time except when he or they would be instructed to drive company vehicles to the job site. The employer did provide an allowance for housing and food on out-of-town locations, and did provide allowance for housing and food for the plaintiff on this occasion in Big Stone Gap, Virginia.

3. Plaintiff drove his own vehicle to Big Stone Gap, Virginia, on or about December 4 or 5, and the terms of this stipulation (2) applied to plaintiff while traveling to and from, and while staying in, Big Stone Gap, Virginia.

4. On December 7, 1974, the plaintiff was in Big Stone Gap, Virginia, and the work records of the employer show that the employee and the other crew members worked that day until 1:00 p. m., at which time the work was terminated due to inclement weather and the employees were informed by the foreman that there would be no further work until Monday, and that the employees were free to return to their homes.

5. The employee has retrograde amnesia concerning his activities for this day and for several months thereafter. The testimony of other witnesses is that the employee was in a restaurant in Big Stone Gap sometime during the afternoon of Saturday, December 7, 1974, and was seen to have eaten food, consumed some

beer, and played the pinball machine. The employee left the restaurant in his automobile and about 9:40 p. m. that evening, he was involved in an automobile accident on Highway 58. The officer's accident report indicates that the employee was proceeding west. The route the employee was traveling would be the best and most direct route for his return to Knoxville, Tennessee.

## I

█ The general rule is that an injury received by an employee on his way to or from his place of employment does not arise out of his employment and is not compensable, *Little v. Johnson City F. & M. Co.*, 158 Tenn. 102, 11 S.W.2d 690 (1928), unless the journey itself is a substantial part of the services for which the workman was employed and compensated. *Douglas v. Lewis Brothers Bakeries, Inc.*, 477 S.W.2d 202 (Tenn.1972).

█ There are exceptions to this general rule in those cases wherein the travel is performed as an incident to, or in connection with the employment, or as this Court has phrased it, "where the contract of employment subjects the employee to such risks and hazards as are incident to performance of duty". *Central Sur. & Ins. Corp. v. Court*, 162 Tenn. 477, 480, 36 S.W.2d 907, 908 (1931). The Court in *Central Sur. & Ins. Corp.* states the reason for the exception thusly:

> This is so because the employment imposes the duty upon the employee to go from place to place at the will of the employer in the performance of duty and the risks of travel are directly incident to the employment itself. 162 Tenn. at 480, 36 S.W.2d at 908.

This exception has produced what has come to be known as the "traveling men" cases, which were discussed in *Knox v. Batson*, 217 Tenn. 620, 399 S.W.2d 765 (1966). In that case the Court denied death benefits to the widow of a construction worker who lived in Nashville, but who died, as a result of asphyxiation, while staying in a motel provided by the employer in the proximity of a construction site in Tullahoma.

The Court in *Knox* cites three of the "traveling men" cases. The first of these is *Employers' Liability Assur. v. Warren*, 172 Tenn. 403, 112 S.W.2d 837 (1938), where the employee, as a special agent and adjuster for an insurance company, traveled the entire state on a continuous basis. In the second, *Carter v. Hodges*, 175 Tenn. 96, 132 S.W.2d 211 (1939), the employee was a traveling salesman. In the third, *Martin v. Free Service Tire Co.*, 189 Tenn. 327, 225 S.W.2d 249 (1949) the employee was a collector of accounts and traveled extensively.

█ In each of these cases travel and/or lodging were essential incidents of the employment and not merely coincidental in relation thereto. Therefore, the injury arose "out of" the employment.

The workman, on appeal in the instant case, in addition to relying upon *Central Surety, supra* and *Martin, supra*, also relies upon *Lumbermen's Mut. Cas. Co. v. Dedmon*, 196 Tenn. 94, 264 S.W.2d 567 (1951), a case which offers no support to his position. There the Court denied death benefits to the widow of a lumber inspector whose duties required him to travel to various lumber yards but whose death occurred while on a purely personal mission. But for this deviation the deceased employee might have come under the "traveling men" line of cases, but even then his situation could not be equated with that of the appellant in this case who had no traveling duties and who, in reality, was simply a commuter, even though the distance involved was substantial, and the situs of his duties changed from time to time.

Appellant also relies upon *Underwood Typewriter Co. v. Sullivan*, 196 Tenn. 238, 265 S.W.2d 549 (1954). This case has no relevance. There the employee was required to attend a three-week course of study in another state. He met his death while on a purely personal mission, on a day during which no school was being conducted, and the Court held that it did not arise out of his employment.

Lastly, appellant relies upon *Gregory v. Porter*, 204 Tenn. 582, 322 S.W.2d 591 (1959). There the duties of the employee involved delivering automobiles to points distant from his home. While returning from such a delivery over the route he usually traveled, he was fatally injured. The Court held death to be compensable.

This case is controlled by *Knox v. Batson, supra*, and by the general rules this Court has galvanized into settled principles of law.

The latest pertinent pronouncement of this Court will be found in *Woods v. Warren*, 548 S.W.2d 651. There we reviewed the authorities relating to injuries sustained by employees while going to or coming from work. We recognized the exception to the general rule of non-liability arising in those cases where the "risks of travel are directly incident to the employment itself", citing *Central Surety, supra*. We pointed out the distinction between injuries "arising out of employment" and those merely "in the course of employment" and held that both these criteria must be met in order to establish coverage.

The injuries sustained by appellant simply did not arise out of his employment. They were merely coincidental with, and collateral and tangential thereto. There is no coverage.

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.