**FILED**

**July 28, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:45 PM**



## COURT OF WORKERS' COMPENSATION CLAIMS AT NASHVILLE

| | | |
|---|---|---|
| Pamela Bates,<br>        Employee,<br>v.<br>Command Center, Inc.,<br>        Employer,<br>and,<br>Gallagher Bassett,<br>        Carrier/TPA. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DOCKET #: 2014-06-0053**<br><br>**STATE FILE #: 86152-2014**<br><br>**DATE OF INJURY: August 26, 2014**<br><br>**Chief Judge Switzer** |

## COMPENSATION HEARING ORDER DENYING REQUESTED RELIEF

THIS CAUSE came before the undersigned Workers' Compensation Judge on July 22, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) for a Compensation Hearing. Employee, Pamela Bates, seeks a determination regarding whether Employer, Command Center, Inc. (CCI), is obligated to provide temporary disability and/or medical benefits. Considering the parties' positions, the applicable law, Ms. Bates' testimony and all the evidence submitted, this Court finds that Ms. Bates did not sustain a compensable injury and is not entitled to the requested benefits.

### Issues

- *Whether Ms. Bates sustained an injury that arose primarily out of and in the course and scope of employment with CCI.*

- *Whether CCI has adequate grounds to deny Ms. Bates' claim based on the affirmative defense of willful misconduct.*

- *Whether CCI is obligated to pay for any past medical expenses and/or mileage expense.*

- *Whether Ms. Bates is entitled to additional medical care.*

- *Whether Ms. Bates is entitled to any past or future temporary partial or total disability benefits, and if so, in what amount.[1]*

---

[1] The Mediation Specialist certified Ms. Bates' entitlement to past and future medical benefits, and past and future

1

## ANALYSIS

### Evidence Submitted

The following witnesses provided in-person testimony:

- Ms. Bates;
- Patrick Koestler; and,
- Margie Kindrick.

Ms. Bates failed to move any documentation into evidence. CCI moved one document, a Command Center Accident Investigation Report, into evidence, which the Court admitted as Exhibit 1.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), May 19, 2015;
- Final Dispute Certification Notice (DCN), June 29, 2015;
- CCI's Pre-Compensation Hearing Statement, July 8, 2015; and,
- CCI's Motion in Limine to Exclude Employee's Witness Testimony and Exhibits for Trial, July 14, 2015.

The Court did not consider attachments to the above filings not admitted into evidence during the Compensation Hearing. The Court considered factual statements in the above filings and their attachments as allegations unless established by the evidence.

The parties stipulated to the following:

- The date of injury is August 26, 2014.
- Ms. Bates gave CCI notice of the injury on August 26, 2014.
- Ms. Bates is 50 years old and completed the eleventh grade.
- CCI terminated Ms. Bates on August 27, 2014.
- Ms. Bates' average weekly wage was $260.14, and her compensation rate is $173.44.

### History of Claim

Ms. Bates is a resident of Davidson County, Tennessee. She testified that, on the date of injury, she reported to work for CCI, a staffing agency, which placed her at Walmart on 2421 Powell Avenue in Nashville. She arrived at approximately 3:05 p.m.

---

temporary total and partial disability benefits, as issues for this Court's determination. However, at the hearing, Ms. Bates stated on the record that she is not seeking such relief, and she made no arguments advancing positions on these issues. Therefore, the Court considers them waived.

Her supervisor assigned her to unload a truck. She stated that, while performing her duties inside the truck, Kerry Lindsay, an off-duty co-worker, entered the truck. Ms. Bates testified that Mr. Lindsay approached her, said, "Bitch, you're getting in the business," and "mugged" her. Ms. Bates explained that "mugged" meant he forcefully grabbed the side of her face and pushed it downward. She fell between two skids, but rose to her feet immediately and exited the truck.

Ms. Bates contacted the CCI dispatcher and her supervisor, Liz Johnson, to notify her of the incident. Ms. Johnson laughed in response. Ms. Bates returned to the inside of the truck to retrieve her personal items. Once inside, Mr. Lindsay entered the truck again and threw a water bottle at her, which hit Ms. Bates' face. None of her co-workers came to her aid. Ms. Bates testified that she did not initiate the altercation with Mr. Lindsay. She does not know why he assaulted her.

On cross-examination, Ms. Bates testified that she worked with Mr. Lindsay previously and never had conflicts with him. She acknowledged that she shoved him after the initial assault because, "I had no choice but to defend myself." The sole connection between the altercation and work was that she was "on the clock." Ms. Bates stated she believed Mr. Lindsay was intoxicated at the time. She conceded that no healthcare provider assigned a permanent impairment rating and/or pronounced her at maximum medical improvement. She recovered physically, but continues to seek counseling due to the mental and emotional consequences of the incident. She agreed that CCI terminated her employment, citing "personal conflict," but disagreed that this description is accurate because she did not make the incident "personal."

At the close of Ms. Bates' proof, CCI moved for involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02, arguing that upon the facts and the law, Ms. Bates has shown no right to relief. The Court reserved ruling and now denies the motion.

CCI called Patrick Koestler, CCI's branch manager. Ms. Bates called Margie Kindrick, a former co-worker at CCI, on rebuttal. Both Mr. Koestler and Ms. Kindrick offered cumulative testimony regarding the relevant facts.

Ms. Bates filed a PBD on May 19, 2015, seeking medical and/or temporary disability benefits. The parties participated in mediation. When they failed to resolve the issues, the Mediation Specialist filed a final DCN on June 29, 2015.

On July 14, 2015, CCI filed a Motion in Limine to Exclude Employee's Witness Testimony and Exhibits for Trial. The Court heard the motion at the outset of the Compensation Hearing. CCI sought to exclude Ms. Bates from calling witnesses because she failed to identify them in advance of the Compensation Hearing, in accordance with the Initial Hearing Order and the Bureau's Rules regarding Compensation Hearing Procedure. *See generally* Tenn. Comp. R. & Regs. 0800-02-21-.18 (2014). Ms. Bates

3

attempted to subpoena witnesses, but failed to serve them. The witnesses were not present at the Compensation Hearing. Therefore, the Court declined to rule on this aspect of the Motion in Limine, as it was moot.

CCI additionally sought an order to preclude Ms. Bates from introducing evidence regarding her permanent impairment rating or whether a healthcare provider has placed her at maximum medical improvement. Ms. Bates informed the Court that she forwarded copies of all treatment records to CCI's counsel in advance of the Compensation Hearing. Upon examination of the records, the Court found they lacked certification that they are true and accurate, signed by the medical provider or custodian or records. *See* Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2014). Further, the records' authors are licensed clinical social workers, certified counselors and student trainees, but not medical doctors. Accordingly, the authors of the records are not competent to give expert medical opinion under the Workers' Compensation Law. *See* Tenn. Code Ann. § 50-6-204(h) (2014). The Court granted this portion of CCI's Motion.

### Ms. Bates' Contentions

Ms. Bates contends she sustained a compensable injury when Mr. Lindsay assaulted her at work. The incident occurred when she was on the clock, and was not "personal" to her because she did not make it so. CCI did not provide a safe work environment. Ms. Bates does not seek monetary gain, but merely desires to be heard regarding the injury she suffered and its consequences.

### CCI's Contentions

CCI argues that Ms. Bates' claim must fail because the altercation was a private dispute having nothing to do with her pay or job performance. Ms. Bates could not say the incident had any connection with her work. Ms. Bates failed to introduce expert medical proof regarding causation, the extent of her injuries or permanency. Further, Ms. Bates engaged in willful misconduct.

### Findings of Fact and Conclusions of Law

#### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party, but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). In a workers' compensation action, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2014).

4

*Factual Findings*

On August 26, 2014, Mr. Lindsay initiated a physical altercation with Ms. Bates when he forcefully grabbed and pushed her face downward while she was at work. Ms. Bates shoved Mr. Lindsay to escape further injury. Mr. Lindsay subsequently threw a water bottle at Ms. Bates. The conflict between Mr. Lindsay and Ms. Bates did not stem from a disagreement regarding performance, pay or termination. The conflict was not a random assault by an individual outside the employment relationship. Ms. Bates failed to introduce admissible medical proof regarding her injuries, including whether she attained maximum medical improvement and sustained a permanent impairment from her injury.

*Application of Law to Facts*

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). The statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance*, 164 S.W.3d 350, 354 (Tenn. 2005).[2] An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Thus, the "course of employment" requirement focuses on the time, place and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005).

By contrast, "arising out of employment" refers to causation. *Reeser v. Yellow Freight Sys.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the resulting injury and the conditions under which the work is required to be performed. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Stated another way, an injury arises out of employment when it "has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.*, 833 S.W.2d 496, 498 (Tenn. 1992). "The mere presence of an employee at the place of injury because of his [or her] employment will not alone result in the injury being considered as arising out of the employment." *Jordan v. United Methodist Urban Ministries, Inc.*, 740 S.W.2d 411, 412 (Tenn. 1987). Instead, the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949).

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

In this case, the Court finds that Ms. Bates sounded calm, at ease, self-assured, steady, confident, forthcoming, reasonable and honest, which characteristics, according to the Tennessee Supreme Court, are indicia of reliability. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-695 (Tenn. 2014). Ms. Bates credibly testified that she was at work on August 26, 2014, unloading a truck, her assigned task, when the assault occurred shortly after 3:00 p.m. CCI did not refute her testimony. Therefore, the injury occurred in the course of Ms. Bates' employment.

Thus, the determinative issue becomes whether Ms. Bates' injury arose primarily out of her employment. The statutory definition of "injury" further provides: "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

The Tennessee Supreme Court recognized the following three categories for workplace assaults:

> (1) [A]ssaults with an "inherent connection" to employment, such as disputes over performance, pay or termination;
> (2) [A]ssaults stemming from "inherently private" disputes imported into the employment setting from the claimant's domestic or private life and not exacerbated by the employment; and,
> (3) [A]ssaults resulting from a "neutral force" such as random assaults on employees by individuals outside the employment relationship.

*Woods v. Harry B. Woods Plumbing Co.*, 967 S.W.2d 768, 771 (Tenn. 1998). Assaults falling into the first category are compensable. *Wait v. Travelers Indem. Co. of Ill.*, 240 S.W.3d 220, 227 (Tenn. 2007). Assaults falling into the second category are not. *Woods*, 967 S.W.2d at 771. The compensability of assaults falling into the third category "depend[s] on the facts and circumstances of the employment." *Id.*

Ms. Bates testified that she never engaged in previous conflicts with Mr. Lindsay. While she contends the injury is work-related because she was on the clock at the time, per *Jordan*, 740 S.W.2d at 412, her mere presence at the place of injury will not alone result in this Court considering the injury as arising out of employment. Instead, according to *Thornton*, 221 S.W.2d at 955, her injury must result from a danger or hazard peculiar to her work, or be caused by a risk inherent in the nature of her work. This Court cannot make such a finding.

The dispute between Ms. Bates and Mr. Lindsay had no inherent connection to her employment. The dispute did not stem from "performance, pay or termination," or any matter that appears to have a connection to work, other than the tangential fact that

6

CCI employed them both. Further, the assault cannot be classified as resulting from a "neutral force." It was not a "random assault . . . by individuals outside the employment relationship," as Mr. Lindsay was a co-worker. *Woods,* 967 S.W.2d at 771. Nor can this Court find that her injury resulted from a danger or hazard peculiar to her work unloading a truck. The assault was not caused by any risk inherent in the nature of her work with CCI.

The incident is best characterized as an "inherently private dispute," not exacerbated by the employment. Per *Woods,* it is non-compensable. Ms. Bates testified that she does not know why Mr. Lindsay assaulted her. She expressed to this Court a need for answers regarding why this unfortunate incident happened. This Court cannot provide those answers.

Ms. Bates represented herself well. She was respectful and courteous to both this Court and opposing counsel, for which the Court commends her. The Court sympathizes with her. Notwithstanding, this Court cannot find that Ms. Bates is entitled to workers' compensation benefits because her injury did not arise primarily out of and in the course and scope of her employment. Because the Court did not conclude that Ms. Bates sustained a compensable injury, it need not reach CCI's willful misconduct affirmative defense.

**IT IS, THEREFORE, ORDERED:**

1. Ms. Bates' claim against CCI and its workers' compensation carrier for the requested benefits is denied.

2. Pursuant to Mediation and Hearing Procedures Rule 0800-02-21-.07 (2015) the Court assesses a filing fee of $150.00 to CCI, for which execution may issue, as necessary. The fee shall be paid within five business days of this Order.

**ENTERED this the 30th day of July, 2015.**

**Kenneth M. Switzer, Chief Judge**
**Court of Workers' Compensation Claims**

7

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty (30) days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2015).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen (15) days after filing the request for appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(4) (2015). Alternatively, the parties may file a statement of the evidence. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen

(15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of July, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|-----------|-----------|---------------|
| Pamela Bates Employee | X | | | | X | Pamelabates14@yahoo.com |
| Travis Ledgerwood, Employer's attorney | | | | | X | Tledgerwood@manierherod.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

9