Mrs. Lynwood Irby Timmerman

*v.*

The Kerr Glass Mfg. Company and United States
Fidelity & Guaranty Company.

*(Jackson,* April Term, 1958.)

Opinion filed May 2, 1958.

Maddox, Maddox & Lassiter, Huntingdon, for plaintiff
in error.

Van Dyke & Dunlap, Paris, for defendants in error.

544

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation case. The trial judge without making any special finding of fact dismissed the suit because the court found "as a fact that the accident resulting in the injuries and death of Lynwood Irby Timmerman did not arise out of and in the course of his employment by the defendant".

From this finding and holding an appeal has been seasonably perfected to this Court where the case has been ably briefed and argued before us. After studying the record and briefs and the authorities cited, and making an independent investigation of the authorities, we now have the case for determination.

Mr. Timmerman was employed by the Kerr Glass Manufacturing Corporation as a salesman to call on the retail trade. His employment was of a seasonal nature and at the time of injury he was assigned to territory in Mississippi, West Tennessee and Kentucky as far east as Lexington. His base was Memphis, Tennessee. He

lived with his wife and one daughter in Mississippi. He was paid $50 a week and while working the trade on the road he received certain expense money for hotel bills, etc. While at his headquarters in Memphis this did not hold true. If the expense of remaining in the territory would be less than the expense of bringing an employee back to headquarters, then it was the policy of the company that the employee would stay in the territory until the job was completed.

Mr. Timmerman, in company with a fellow salesman, was killed near Paris, Tennessee, as a result of an automobile accident on May 2, 1952. These two salesmen were traveling in the car of Crumpton, the other salesman, on a trip from Bowling Green, Kentucky, to Memphis. The purpose of the trip was not on any business or in behalf of their employer. These two employees had requested and were granted permission to come to Memphis over the weekend. And while on this trip they were killed. Their immediate superior who granted them permission to come to Memphis died before this lawsuit was instituted. As a result of this we do not have the benefit of any of their testimony. The plaintiff in error largely takes the position that as a matter of law the coming home over the weekend or to the base, was reasonably incidental to their employment and thus was compensable. This is the question here so ably argued and presented.

It is well established that a traveling salesman is within the course of his employment in his travels from the time he leaves home on a business trip until he returns, for the self-evident reason that the traveling itself is a large part of the job. *Taylor v. Meeks,* 191 Tenn.

695, 236 S.W. 2d 969. And this is especially true where the traveling is done by the salesman in the employer's conveyance because the risks of the employment continue throughout unless there is a deviation which questions are dealt with by this Court in *Lumbermen's Mut. Cas. Co. v. Dedmon,* 196 Tenn. 94, 264 S.W. 2d 567. In this type of case, that is, of the traveling salesman who takes the employer's car or takes his own and is required to go and come, the employer has in effect expanded the range of employment and the necessary attending risks. The hazard of motor travel is made a part of the employment by the employer and this necessarily should be included and make the employer liable for compensation when an injury arises thus

■ But in the present case we have a different situation. Here, it seems to us, the statement of the rule above is in itself a sufficient answer to why the acts of the employee here were not in the course of the employment and therefore not compensable. This employee was not required to hazard the risks of motor travel on the highways on the day that this trip was taken. He along with his fellow salesman in the fellow salesman's car, not the company car, were taking this trip for their own enjoyment or pleasure or what-not.

■ We will take judicial notice of the fact that Bowling Green, Kentucky to Memphis, Tennessee, was considerably in excess of one hundred miles. Certainly at this distance or greater an employer would not and could not expect the employee to come home on weekends and return to his seat of employment on Monday morning. The employer paid the expenses when the employee was away from home as here and of course if he was here at

the hotel taking the usual rest or recreation or what-not on this weekend and was injured or killed this would be compensable. See a typical case of such a situation in *Employers' Liability Assur. Corp. v. Warren,* 172 Tenn. 409, 112 S.W. 2d 837.

In determining these compensation cases injuries growing out of actual performances of the direct duties of the job rarely ever give us any trouble, it is the injuries which arise out of the claimed incidental activities which have given the courts much trouble. We would say that normally injuries arising from the usual and reasonable incidents to the employment are compensable, but when a thing being done is extraordinary and not done at the direction of the employer then we doubt seriously that they are incidental to the employment. This being true of course they would be outside of the course of employment. Some of these things that are done are by no means indispensable to the accomplishment of the job. These people being as far away from home as they were, it was not an incident to their jobs that they should return home over this weekend. They, it seems to us, were assuming the hazards to be undertaken on such a trip. By taking a trip of the kind they were outside the range of employment connected activities. What they were doing certainly did not directly or indirectly, as far as we can see, contribute anything to the work which they were engaged in.

The reason why this is not a compensable case is not too far removed from the deviation theory as is well set forth in the Dedmon case, *supra.* A right interesting case and one that illustrates, we think, the situation here is that of *Inland Gas Corp. v. Frazier,* 246 Ky. 432, 55

S.W. 2d 26. In this case an employee traveling one hundred miles to the home office deviated ten miles to spend the night at his home, and was killed on his way back to the main route. The Kentucky Court denied compensation. The facts of this case are not nearly so strong for compensation as were the facts in the Kentucky case.

On our investigation of the authorities, we think that when the employee does on his own volition and in his own conveyance go home for the weekend, as was done under the facts of this case, that then he is clearly outside of the course of his employment and thus any injuries that he receives are not compensable.

For the reasons above expressed the compensation is denied and the trial court is affirmed.

What this employee was doing at the time of the accident was not reasonably necessary for his health and comfort.