Odessa Elizabeth **JORDAN**,
Plaintiff/Appellant,

v.

**UNITED METHODIST URBAN MINIS-TRIES, INC., and Aetna Casualty & Surety Company, Defendants/Appellees.**

Supreme Court of Tennessee.

Nov. 16, 1987.

Mark J. Fishburn, Nashville, for plaintiff/appellant.

Tracy Shaw, Nashville, for defendants/appellees.

OPINION

HARBISON, Chief Justice.

In this workers' compensation case appellant claimed benefits following a fatal accident to her sixteen-year-old son while he was employed by the United Methodist Urban Ministries, Incorporated, on June 19, 1985.

Her son, Tracy Jordan, drowned on that date in a small farm lake or pond while he and several other young people were on their lunch break.

The young people had been employed for a two-week period for the purpose of receiving training and then supervising other young persons in the renovation of low income housing in Nashville and Davidson County. Tracy Jordan drowned on the third day of the first week of his employment. The accident occurred at a farm in Cheatham County which was privately owned but was leased to the Penuel Ridge Retreat Center, apparently a nonprofit facility. Supervisors of the youth program in which young Jordan was employed had learned that an old horse stable or barn on premises leased to the Retreat Center was being renovated. The two supervisors and nine young persons from the Methodist program went to the farm by permission, and during the morning of June 19 the young people were given training in the hanging of wall board and the use of other building materials. Each of them had brought lunch from home.

The lake at which the accident occurred was located about one-half mile from the barn where the work was being done and was not visible from the work site. The supervisors and the young workers knew about the lake, however, and since it was a

beautiful day the young people asked for permission to go to the lake to have lunch. The supervisors gave permission, but did not themselves accompany the workers, all but one of whom took their lunch to the vicinity of the lake.

They ate lunch at some picnic tables near the water. Two boys in the group found a boat on a nearby trail and put it into the water. Several of the young people got onto the boat, including Tracy Jordan; and when the boat had been rowed out into the lake, Jordan and another young man decided to jump off the boat and swim to shore. Jordan went under water before he reached the shore, and efforts to rescue him were unsuccessful.

Under these circumstances the Chancellor held that the drowning of Jordan did not arise out of and in the course of his employment. He denied workers' compensation benefits. We affirm.

The record clearly supports the finding of the Chancellor that young Jordan and his companions were engaged in independent recreational activity at the time of his death. They could not in any way be deemed to be furthering any interest of their employer. The place where the injury occurred was not the actual work site; and even if it could be deemed to be on the "premises" of the employer for temporary purposes, the employer had neither expressly nor impliedly authorized or consented to their swimming or taking a boat out onto the lake. Indeed, when the young people left to go to the lake, one of their supervisors jokingly cautioned them not to push anyone into the water.

As counsel for appellant points out, recovery has been allowed in a number of cases when employees have sustained injuries during an unpaid lunch break. *See generally Drew v. Tappan Co.*, 630 S.W.2d 624 (Tenn.1982); *Kingsport Silk Mills v. Cox*, 161 Tenn. 470, 33 S.W.2d 90 (1930), and cases cited therein.

In the present case, however, the young employees had gone to private property, well away from the work site, and were engaging in recreational activity which was neither sponsored by nor consented to by the employer. The supervisors considered the young people to be responsible. Young Jordan and each of his fellow workers had been chosen for positions of leadership, and their engaging in boating and swimming on this occasion and under the circumstances shown in this record constituted a complete departure from the scope and course of their employment.

■ Tort principles are not involved in the litigation. The workers' compensation statutes provide coverage for accidental injuries arising out of and in the course of employment. The two terms, however, are not synonymous but are separate requirements. The mere presence of an employee at the place of injury because of his employment will not alone result in the injury being considered as arising out of the employment. *See generally Knox v. Batson*, 217 Tenn. 620, 399 S.W.2d 765 (1966). The injury must be occasioned by and must "arise out of" the employment as well as "in the course of" employment. *Thornton v. R.C.A. Service Co., Inc.*, 188 Tenn. 644, 221 S.W.2d 954 (1949).

■ Concepts of "proximate cause" or "foreseeability" as utilized in the law of torts do not necessarily govern or define coverage under the workers' compensation statutes. *White v. Whiteway Pharmacy, Inc.*, 210 Tenn. 449, 360 S.W.2d 12 (1962).

■ Appellee has cited a number of cases from other jurisdictions in which recovery has been denied in circumstances similar to those presented here. In *Congdon v. Klett*, 307 N.Y. 218, 120 N.E.2d 796 (1954) the claimant was injured while swimming in his employer's swimming pool during off hours. Although he had been given permission to use the pool, the New York Court of Appeals concluded that the activity of the employee was not sufficiently connected to the duties or responsibilities of his work to justify an award of workers' compensation benefits. *See also Davis v. Newsweek Magazine*, 305 N.Y. 20, 110 N.E. 2d 406 (1953) (drowning at vacation resort where visit had been authorized by employer).

The judgment of the trial court is affirmed at the cost of appellant. The cause will be remanded to that court for collection of costs accrued there and for entry of any further orders which may be appropriate.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.