IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

# YVONNE MCCANN, ET AL. v. GLEN HATCHETT, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 109237-3      D. J. Alissandratos, Chancellor**

---

**No. W1998-00808-SC-WCM-CV - Decided May 8, 2000**
**FOR PUBLICATION**

---

In this workers' compensation case the sole issue is whether the death of a traveling employee by drowning is compensable as arising out of and in the course of employment. The trial court granted summary judgment to the employer. We granted the employer's motion for review filed pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(1999) and have determined that the employee's death may have arisen out of and in the course of the employment. It results that the trial court's grant of summary judgment to the employer is error, and the cause is remanded.

**Tenn. Code Ann. § 50-6-225(e)(5)(1999); Judgment of the Trial Court Reversed; Remanded**

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA and BARKER, JJ., joined. HOLDER, J., not participating.

Edwin C. Lenow, Memphis, Tennessee, for the plaintiffs/appellants, Yvonne McCann, as grandmother and next of friend of Auron D. Hart, and Haywood Vanarsdale, uncle of Donald Eugene King.

Carl Wyatt, Memphis, Tennessee, for the defendants/appellees, Glen Hatchett d/b/a Hatchett Brothers and Associates of Fidelity & Casualty of New York.

## OPINION

This workers' compensation appeal was referred to the Special Workers' Compensation Appeals Panel of the Supreme Court pursuant to Tenn. Code Ann. § 50-6-225(e)(3) for hearing and reporting to the Supreme Court findings of fact and conclusions of law.

Upon reference, the Panel concluded that the trial court's grant of summary judgment to the employer was error. We granted the employer's motion for review filed pursuant to Tenn. Code Ann. § 50-6-225(e)(5).

Tennessee Code Annotated requires that for death to be compensable under workers' compensation laws, it must have happened by accident arising out of and occurring in the course of employment. Tenn. Code Ann. § 50-6-103(a)(1999). Here, the employee drowned in the pool of the hotel in which he had lodged while working at an out-of-state job site. Thus, the sole issue is whether the employee's death is compensable under the provision of the workers' compensation statutes. Because we conclude, for the reasons discussed herein, that because there are disputed issues of material fact as to whether the employee's death is compensable, we vacate the trial court's grant of summary judgment to the employer and remand the cause for further proceedings consistent with this opinion.

Ordinarily, our review of this matter would be de novo upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the evidence preponderates against the findings of the trial court. Tenn. Code Ann. § 50-6-225(e)(2)(1999). When, however, the grant of summary judgment in a workers' compensation is appealed, the issue is not reviewable de novo. Rather, review is controlled by the standard provided for summary judgment disposition pursuant to Tenn. R. Civ. P. 56. Thus, our review here is on the record without any presumption that the findings of the trial court are correct.

As we stated in Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995):

> The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn.R.Civ.P. 56 have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the non-moving party and must also draw all reasonable inferences in favor of the non-moving party. Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993). Courts should grant summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. Carvell, 900 S.W.2d at 26 (citing Byrd, 847 S.W.2d at 210-11).

Viewing the evidence in a light most favorable to the non-moving party (here, the employee) and drawing all reasonable inferences favorable to them, the salient facts of record show that Donald Eugene King was employed by Glen Hatchett Carpet Services, a Memphis-based business. King, with other employees, had been sent to Rutland, Vermont, by their employer to lay carpet at a Rutland motel. While in Rutland, King and the other employees were lodged at the Days Inn at the employer's expense. While off-duty, at approximately 10 p.m. on June 23, 1996, King drowned in the Days Inn pool. The record does not include other details surrounding his death.

The plaintiffs sought funeral expenses and benefits for King's minor son. The employer filed a motion for summary judgment in which it asserted that King's death neither arose out of nor occurred in the course of his employment and that, therefore, his death was not compensable under the workers' compensation statutes. The trial court agreed and entered summary judgment in favor of the employer.

To resolve this issue, we must examine the circumstances surrounding King's employment status and his death.[1] Employees working away from the regular job site are usually described as "traveling employees," and the crucial question is whether, under the circumstances, the death arose out of and in the course of the employment. While not a matter of first impression, a review of Tennessee cases produces no clear rule.

An observation by Lord Wrenbury in Herbert v. Foxx & Co., Ltd., is appropriate here. He wrote:

> The few and seemingly simple words "arising out of and in the course of the employment" have been the fruitful (or fruitless) source of a mass of decisions turning upon nice distinctions and supported by refinements so subtle as to leave the mind of the reader in a maze of confusion. From their number counsel can, in most cases, cite what seems to be an authority for resolving in his favour, on whichever side he may be, the question in dispute.

[1916] 1 App. Cas. 405, 419 (appeal taken from Yorkshire).

Commenting on Lord Wrenbury's view, Justice Hamilton S. Burnett, in Jackson v. Clark & Fay, Inc., stated in dissent that: "[w]e think that this statement is without a doubt one of the most truthful that can be found anywhere in the law books. Anyone who makes any search and study of the decisions will find the statement true without question." 197 Tenn. 135, 148, 270 S.W.2d, 389, 395 (1954) (Burnett, J., dissenting).

In the following cases, the Court found that the traveling employee's injury or death arose out of and in the course of the employment: Pool v. Metric Constructors Inc., 681 S.W.2d 543 (Tenn. 1984) (Tennessee employee injured in vehicle accident returning home after having worked in Mississippi); Watson v. United States Fire Ins. Co., 577 S.W.2d 668 (Tenn. 1979) (East Tennessee-based employee injured in vehicle accident en route to training program in West Tennessee); West Tennessee Nix-A-Mite Sys., Inc. v. Funderburk, 208 Tenn. 381, 346 S.W.2d 250 (1961) (employee killed in vehicle accident after having deviated from usual route for personal

---

[1]Obviously, if an employee was working at an actual job site at the time of his or her injury or death, the question of whether the injury or death "arose out of and in the course of the employment" would be elementary. It is for this reason that "traveling employee" cases typically involve injury or death occurring at a place other than at the actual job site.

reasons); Gregory v. Porter, 204 Tenn. 582, 322 S.W.2d 591 (1959) (employee killed in vehicle accident returning home from out-of-town trip on employer's business); Carter v. Hodges, 175 Tenn. 96, 132 S.W.2d 211 (1939) (Tennessee employee killed in hotel fire in Georgia while on business of employer); Employer's Liability Assurance Corp. v. Warren, 172 Tenn. 403, 112 S.W.2d 837 (1938) (employee's fall from hotel's second-story porch caused fatal injuries).

In contrast, the Court found in the following cases that the traveling employee's injury or death did not arise out of and in the course of the employment: Isabell v. Ren Corp., No. 01S01-9301-CV-00003, 1993 WL 835552, at *1 (Tenn. Aug. 26, 1993) (Tennessee employee working in Florida injured knee when she slipped and fell leaving restaurant after dinner); Smith v. Royal Globe Ins. Co., Inc., 551 S.W.2d 679 (Tenn. 1977) (Tennessee employee injured in vehicle accident returning home from Virginia job site); Knox v. Batson, 217 Tenn. 620, 399 S.W.2d 765 (1966) (employee working away from home killed by "lethal gas" in motel room); Timmerman v. Kerr Glass Mfg. Co., 203 Tenn. 543, 314 S.W.2d 31 (1958) (Tennessee employee killed on weekend trip en route from Kentucky job site to Memphis); Jackson v. Clark & Fay, Inc., 197 Tenn. 135, 270 S.W.2d 389 (1954) (Tennessee employee working in Arkansas killed by tornado while riding in employer's truck from job site to motel); Underwood Typewriter Co. v. Sullivan, 196 Tenn. 238, 265 S.W.2d 549 (Tenn. 1954) (Tennessee employee training in Oklahoma killed in vehicle accident on day off); Lumbermen's Mut. Cas. Co. v. Dedmon, 196 Tenn. 94, 264 S.W.2d 567 (1954) (Knoxville-based employee, who had finished a customer visit in Morristown, killed as he crossed street after leaving a fishing tackle shop); Thornton v. RCA Serv., Inc., Co., 188 Tenn. 644, 221 S.W.2d 954 (1949) (employee stopped for lunch at highway restaurant between Norris and Knoxville and was killed by "a stranger who was insane, or drunk 'or otherwise irresponsible.'").

In other jurisdictions, courts tend to look more closely at the nature of the activity involved. Thus, while approving the use of an all-terrain vehicle as reasonable recreational activity for a traveling employee, the court rejected compensability where the vehicle had been operated recklessly. See, e.g,. Jensen v. Indus. Comm'n, 711 N.E.2d 1129 (Ill. App. Ct. 1999), appeal denied 720 N.E.2d 1093 (Ill. 1999). Similarly, depending upon the particular facts, the employee's activity was held to be a "distinct departure" or "deviation" from the employment, thereby relieving the employer of liability. See, e.g., Silver Eng'g Works, Inc. v. Simmons, 505 P.2d 966 (Colo. 1973) (en banc) (employee's trip to beach where he drowned was deviation from his employment); Volk v. Int'l Harvester Co., 106 N.W.2d 649 (Iowa 1960) (employee's trip to neighboring town for social visit constituted deviation from employment); Buczynski v. Indus. Comm'n of Utah, 934 P.2d 1169 (Utah Ct. App. 1997) (employee's weekend social visit to town 150 miles from convention site prior to convention's start was "personal diversion" and injury in hotel hot tub was not compensable); Carr v. Workmens' Compensation Appeal Bd., 671 A.2d 780 (Pa. Commw. Ct. 1995) (employee's 35-mile trip from the work site to Boston to go sightseeing and drinking was personal trip and not part of employment) .

As stated in 2 Arthur Larson & Les K. Larson, Arthur Larson's Workers' Compensation Laws, § 25.00 (1998), the majority rule is that "[a]n employee whose work entails travel away from the employer's premises is generally considered to be within the course of his or her employment continuously during the trip, except when there is a distinct departure on a personal errand."

We think the majority rule furnishes the proper analysis for determining the compensability of injury or death of traveling employees. Therefore, in order to clarify the law in this state regarding traveling employees, we now adopt the majority rule and hold that a traveling employee is generally considered to be in the course of his or her employment continuously during the duration of the entire trip, except when there is a distinct departure on a personal errand. Thus, under the rule we today adopt, the injury or death of a traveling employee occurring while reasonably engaged in a reasonable recreational or social activity arises out of and in the course of the employment.[2]

As we stated in Orman v. Williams Sonoma, Inc., "an injury arises out of and is in the course and scope of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of his employment." 803 S.W.2d 672, 676 (Tenn. 1991 (citation omitted). Because an employee who travels on the business of the employer is considered to be within the course of his or her employment continuously during the trip, reasonable recreational activities properly undertaken by the employee during the trip are rationally connected to the work.[3] Thus, injury or death occurring during a reasonable recreational activity arises out of and in the course of the employment.

Under the rule adopted above and in light of the facts in the record, we conclude that the trial court erred in granting summary judgment to the employer. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.[4]

The costs are taxed to the defendants, Glen Hatchett d/b/a Hatchett Brothers and Associates of Fidelity & Casualty of New York.

---

[2]We decline to adopt the "reasonable and foreseeable" standard used in some jurisdictions. "Foreseeability" is typically a tort law concept; as we have previously stated, "[c]oncepts of 'proximate cause' or 'foreseeability' as utilized in the law of torts do not necessarily govern or define coverage under the workers' compensation statutes." Jordan v. United Methodist Urban Ministries, Inc., 740 S.W.2d 411 (Tenn. 1987).

[3]But cf. Tucker v. Acme Boot Co., Inc., 856 S.W.2d 703 (Tenn. 1993); Jordan, 740 S.W.2d at 412. While Tucker and Jordan also involved recreational activities of employees, those cases pertain to non-traveling employees and are inapposite. Our holding in the pending case is not intended to supplant or modify the principles applied to non-traveling employees under Tucker.

[4]Our holding that the trial court erred in granting summary judgment should not be interpreted as a factual finding by this Court that the death of King arose out of and in the course of his employment. We express no opinion as to the ultimate result to be reached in this case after remand.