FILED
Jul 05, 2023
01:50 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| PATRICK WILLIAMS, | ) | Docket No 2019-05-1202 |
| **Employee,** | ) | **2019-05-1203** |
| v. | ) | |
| YATES SERVICES, | ) | State File No. 57462-2019 |
| **Employer,** | ) | **57623-2019** |
| and | ) | |
| TRAVELERS INDEM. CO., | ) | Judge Robert Durham |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court held a hearing on June 12, 2023, and a supplemental hearing on June 27, on Yates's Motions for Summary Judgment regarding Mr. Williams's claims for injuries to his shoulders and right knee. For the reasons below, the Court grants the motion. Mr. Williams is entitled to reasonable and necessary medical treatment for his work-related injury to his right elbow and right leg but is not entitled to any additional medical treatment or disability benefits for any other alleged injuries from the March 5 or July 30 incidents.

### History of Claim

Mr. Williams alleged that on March 5, 2019, a "tug" collided with a piece of machinery that then struck him in the right elbow, causing him pain in his elbow and shoulders. He additionally alleged that he was struck again on July 30, 2019, causing an aggravation of his shoulder injuries as well as right knee pain. In its summary judgment motion, Yates did not dispute that these incidents occurred as Mr. Yates described.[1] Yates provided panels, and Mr. Williams chose Dr. John Byrnes.

---

[1] When Mr. Williams asked for video of the July 30 incident, Yates did not provide it but instead asserted that the area where it happened was not covered by a camera. At the hearing, Mr. Williams disputed this assertion and said that he needed the video to show the doctors the severity of the accident so he could prove causation. However, Mr. Williams did not file any discovery requests until March 2023, and when Yates informed him that the video did not exist, he did not attempt to schedule any depositions to make further queries or file a motion to continue the summary judgment motion.

In support of its motion, Yates submitted two C-32 medical reports from Dr. Byrnes. For the March 5 injury, Dr. Byrnes said that Mr. Williams suffered an injury to his right elbow that caused pain and required treatment but did not result in any permanent disability. However, he did not believe that Mr. Williams's bilateral shoulder symptoms or need for treatment were primarily caused by the accident, nor were his shoulder conditions advanced or made worse by the collision.

Dr. Byrnes made a similar assessment of Mr. Williams's assertion that he injured his right knee in the July 30 incident. Specifically, Dr. Byrnes believed that Mr. Williams only suffered a bruise to his right leg. Dr. Byrnes did not assign an impairment for the bruise or recommend further treatment for it.

Regarding Mr. Williams's patella tendon cyst and patella pain, Dr. Byrnes said that the July 30 accident did not cause the pain or the cyst, nor did it advance or worsen these preexisting conditions. He also said that the accident was not primarily responsible for any need to treat the conditions.

Mr. Williams did not submit any depositions, affidavits, or C-32 reports from a doctor to counter Dr. Byrnes's opinions. Mr. Williams also did not respond to Yates's Statement of Undisputed Facts that reiterated these opinions.

For this motion, Yates stipulated that Mr. Williams is entitled to reasonable and necessary medical treatment with Dr. Byrnes for the right elbow injury and right leg bruise that Dr. Byrnes causally related to his work-related falls, but not for his bilateral shoulder and knee complaints.

**Law and Analysis**

To prevail on his claim for benefits related to his shoulders and knee, Mr. Williams must prove his injury or need for treatment arose primarily out of his employment. Tenn. Code Ann. § 50-6-102(12)(A) (2022). He must prove that relation to a "reasonable degree of medical certainty," which necessarily requires an expert medical opinion. Tenn. Code Ann. § 50-6-102(12)(C). Yates asserts it is entitled to summary judgment because Dr. Byrne did not furnish an opinion that Mr. Williams's accidents caused either an injury to or the need for treatment of his shoulders and knee.

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2022).

To prevail on its motion, Yates must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Williams's claims; or (2) demonstrate that

2

Mr. Williams's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101. If Yates meets its burden, then Mr. Williams must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his favor]." *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). The Court must view the evidence in the light most favorable to Mr. Williams and must also draw all reasonable inferences in his favor. *McCann v. Hatchett,* 19 S.W.3d 218, 219 (Tenn. 2000).

Based on the undisputed facts, Yates met both elements of summary judgment for the alleged shoulder and knee injuries. First, as allowed under Tennessee Code Annotated section 50-6-235(a)(c)(1), Yates submitted written medical reports from Dr. Byrd instead of a deposition or affidavit. In the reports, Dr. Byrd gave his opinion that Mr. Williams's bilateral shoulder and right knee problems were not caused, aggravated, or worsened by his accidents, and any medical treatment he may require for those conditions were not due to his work accidents. Thus, Yates submitted affirmative evidence that negated an essential element of Mr. Williams's claims: causation.

Second, Mr. Williams did not submit any information that might constitute expert opinions in the form of a pleading, admission, interrogatory response, affidavit, deposition, or medical report under section 50-6-235 to dispute Dr. Byrd's causation opinions. Rule 56 of the Tennessee Rules of Civil Procedure requires that the evidence supporting or defending a summary judgment be in one of those forms. Therefore, Yates has met the second element of summary judgment by establishing as a matter of law that Mr. Williams has insufficient evidence to establish an essential element of his claims. Yates is entitled to summary judgment as to Mr. Williams's claims for injuries to his shoulders and right knee.

However, as agreed by Yates, Mr. Williams suffered right elbow pain and a bruise to his right leg due to his accidents, although Dr. Byrd's opinions established that he did not suffer any disability from these injuries. Thus, the Court holds that Mr. Williams is entitled to medical treatment for these injuries if it becomes necessary.

IT IS, THEREFORE, ORDERED that:

1. Yates's Motions for Summary Judgment are granted, and Mr. Williams's claims for disability benefits as well as medical treatment for his shoulders and right knee are denied. Dr. Byrnes shall remain Mr. Williams's authorized physician for any reasonable and necessary treatment for his work-related injuries to his elbow and the bruise to his right leg.

2. Yates shall pay court costs of $150.00 to the Court Clerk within five business days.

3. Yates shall prepare and submit the SD-2 within ten days of the date of judgment.

3

4.  Unless appealed, this order becomes final in thirty days.

**ENTERED July 5, 2023.**

_____

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on July 5, 2023.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Patrick Williams | X | | X | 445 Courtnea Lane<br>Manchester, TN 37355<br>Patrickwilliams14@gmail.com |
| John Rucker, III | | | X | rrucker@ruckerlaw.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov

4



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*