139 Nev., Advance Opinion 19

IN THE SUPREME COURT OF THE STATE OF NEVADA

PROVIDENCE CORP. DEVELOPMENT, D/B/A MILLER HEIMAN, INC.; GALLAGHER BASSETT SERVICES, INC.; AND CNA CLAIMPLUS, Appellants,
vs.
KAYCEAN BUMA, AS THE SURVIVING SPOUSE, AND DELANEY BUMA, AS THE SURVIVING CHILD OF JASON BUMA (DECEASED), Respondents.

No. 84111



FILED

JUL 13 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

*Affirmed.*

Lewis Brisbois Bisgaard & Smith, LLP, and John P. Lavery and L. Michael Friend, Las Vegas,
for Appellants.

Diaz & Galt, LLC, and Charles C. Diaz, Reno,
for Respondents.

BEFORE THE SUPREME COURT, STIGLICH, C.J., and LEE and BELL, JJ.

*OPINION*

By the Court, STIGLICH, C.J.:

In *Buma v. Providence Corp. Development*, 135 Nev. 448, 451, 453 P.3d 904, 908 (2019), we recognized that Nevada's workers' compensation statutes contain a "traveling employee rule." Generally speaking, that rule permits an employee who is on work-related travel to recover workers' compensation benefits when they suffer an injury that, although not directly work-related, occurs as a result of "eating, sleeping, and ministering to personal needs away from home." *Id.* at 451, 453 P.3d at 908 (internal quotation marks omitted). In this appeal, we clarify that for an employee to be eligible for benefits under the traveling employee rule, there is no "foreseeability" requirement. In other words, the employee need not demonstrate that their employer should have foreseen that the employee would engage in the specific activity that caused the employee's injury. Here, the appeals officer erroneously imposed such a requirement in denying benefits to respondents Kaycean and Delaney Buma. Because the district court subsequently corrected this error and determined that the Bumas were entitled to benefits, we affirm the district court's order granting the Bumas' petition for judicial review.

## FACTS AND PROCEDURAL HISTORY

In 2015, Jason Buma traveled from Nevada to Texas for a work conference.[1] While there, he stayed at a ranch owned by his friend and coworker. One evening after the two men had finished preparing for the following day's conference, they rode ATVs around the ranch, during which

---

[1]The details regarding Jason's trip and employment are not pertinent to the issue presented in this appeal, but they are recounted in our previous decision. *See Buma*, 135 Nev. at 449, 453 P.3d at 906-07.

 

time Jason suffered a fatal injury. Respondents Kaycean and Delaney Buma, who are Jason's widow and child, requested workers' compensation benefits. Appellants, who are Jason's former employer (Providence Corp. Development, d/b/a Miller Heiman, Inc.) and the former employer's workers' compensation administrator (Gallagher Basset Services, Inc.), denied their request.[2] The denial was upheld by an appeals officer, and the Bumas' subsequent petition for judicial review was denied by the district court.

On appeal to this court, however, we reversed, concluding that the appeals officer failed to apply the traveling employee rule, which recognizes that "when travel is an essential part of employment, the risks associated with the necessity of eating, sleeping, and ministering to personal needs away from home are an incident of the employment even though the employee is not actually working at the time of injury." *Buma*, 135 Nev. at 451, 453 P.3d at 908 (internal quotation marks omitted); *see also id.* (observing that the traveling employee rule is codified at NRS 616B.612(3)). We instructed the appeals officer to evaluate on remand whether Jason's situation fell within the traveling employee rule, thereby entitling the Bumas to benefits, or if, instead, Jason's situation was a "distinct departure on a personal errand" (the "distinct departure exception"), such that the Bumas would not be entitled to benefits. *Buma*, 135 Nev. at 450-56, 453 P.3d at 908-11 (citing 2 Arthur Larson, Lex K. Larson & Thomas A. Robinson, *Larson's Workers' Compensation Law*

---

[2]Appellant CNA ClaimPlus was not a party in the previous appeal, and the record in this appeal does not indicate how it became involved in this case. In any event, all three appellants have filed combined briefs in this appeal. References in this opinion to Miller Heiman include all appellants.

§ 25.02, at 25-2 (2019), as support for the proposition that the traveling employee rule has a distinct departure exception).

On remand, the appeals officer again denied the Bumas' request for benefits, evidently determining that Jason's situation fell within the distinct departure exception. In doing so, the appeals officer found that although Jason was tending reasonably to the needs of personal comfort by riding an ATV, it was not "foreseeable" to Jason's employer that he would be riding an ATV. The Bumas again petitioned for judicial review, which the district court granted, reasoning that our opinion in *Buma* did not impose a foreseeability requirement. Miller Heiman then filed this appeal.

## DISCUSSION

Our review of an appeals officer's decision is "identical to that of the district court," such that we give deference to the appeals officer's view of the facts but decide questions of law de novo. *Buma*, 135 Nev. at 450, 453 P.3d at 907. Although Miller Heiman's reply brief suggests, for the first time, that there are disputed facts, the opening brief appears to acknowledge that there are no disputed facts in this case. Consistent with the opening brief, we conclude that this appeal presents a pure question of law. *Cf. Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (explaining why this court declines to consider arguments raised for the first time in a reply brief). We further conclude that the appeals officer's decision was legally erroneous.

In particular, the appeals officer misconstrued *Buma*'s distinct departure exception to the general traveling employee rule. *See Liu v. Christopher Homes, LLC*, 130 Nev. 147, 151, 321 P.3d 875, 877 (2014) (explaining that this court reviews de novo the interpretation of its previous dispositions because such review implicates a question of law). Namely, in setting forth the dividing line between the traveling employee rule and the

distinct departure exception, we expressly held in *Buma* that "the inquiry focuses on whether the employee was (a) tending reasonably to the needs of personal comfort, or encountering hazards necessarily incidental to the travel or work; or, alternatively, (b) pursuing strictly personal amusement ventures." 135 Nev. at 453, 453 P.3d at 909 (internal quotation marks and alterations omitted). We elaborated that distinct departures "tend to involve a personally motivated activity that takes the traveling employee on a material deviation in time or space from carrying out the trip's employment-related activities." *Id.*

Here, the appeals officer found that Jason's ATV ride was not "a material deviation in time or space from the place where Jason was staying." The appeals officer also acknowledged that Jason was tending "reasonably" to his personal comfort needs while riding the ATV because he was staying at his coworker's ranch and because transportation via ATV was an ideal means of traversing the "sprawling" ranch. However, nowhere in the appeals officer's decision does the officer explain how riding the ATV amounted to Jason pursuing strictly personal amusement ventures or, in other words, how ATV riding was a distinct departure on a personal errand.[3]

In denying benefits, the appeals officer apparently found that the distinct departure exception applied because it was not foreseeable to Jason's employer that he would be riding ATVs while on his work-related

---

[3]Miller Heiman contends that the appeals officer "properly concluded the subject accident was . . . a distinct departure from employment on a personal errand." The appeals officer's decision, however, does not reflect even an implicit finding in that respect. To the contrary, the appeals officer's decision reflects the officer's determination that Jason was not on any sort of personal errand while riding ATVs on his coworker's ranch.

trip. The appeals officer relied on *Bagcraft Corp. v. Industrial Commission*, 705 N.E.2d 919 (Ill. App. Ct. 1998), which affirmed an award of workers' compensation benefits for an ATV-related injury because the employer was aware that its employee might ride an ATV on a work-related trip. In *Buma*, we observed parenthetically that *Bagcraft* "appl[ied a] rule covering employees under workers' compensation throughout their work trips for all reasonable *and foreseeable* activities." 135 Nev. at 452, 453 P.3d at 908 (emphasis added). Based solely on this passing reference in *Buma*, the appeals officer denied the Bumas' request for benefits because there was no evidence in the record that Jason's employer could have foreseen that he would be riding ATVs.

We conclude that the appeals officer erred in relying solely on *Buma*'s passing reference to *Bagcraft* to the exclusion of *Buma*'s ensuing analysis regarding the dividing line between the traveling employee rule and the distinct departure exception. *Buma* did not include a "foreseeability" element with regard to the traveling employee rule and the distinct departure exception. Rather, as noted, *Buma* held that distinct departures "tend to involve a personally motivated activity that takes the traveling employee *on a material deviation in time or space from carrying out the trip's employment-related activities*." 135 Nev. at 453, 453 P.3d at 909 (emphasis added). *Buma* is not unique in omitting a foreseeability element. In that respect, Illinois appears to be in the distinct minority of jurisdictions in imposing a "foreseeability" element with respect to its traveling employee/distinct departure analysis. *Cf. McCann v. Hatchett*, 19 S.W.3d 218, 221-22 & n.2 (Tenn. 2000) (citing 2 Larson's, *supra*, § 25.00, for the proposition that the "majority" of jurisdictions do not impose a foreseeability requirement); *see also* 2 Larson's, *supra*, §§ 25.05[3] & 25.05D[3] (compiling traveling-employee-rule caselaw from various

SUPREME COURT
OF
NEVADA

(O) 1947A

6

jurisdictions and observing, albeit implicitly, that Illinois is unique in imposing a foreseeability element).

## CONCLUSION

In *Buma*, we delineated the traveling employee rule and the distinct departure exception to that rule. 135 Nev. at 451-54, 453 P.3d at 908-10. But we did not impose a requirement that an employee's activities need be foreseeable to his employer in order for the employee to recover workers' compensation benefits. Here, the appeals officer misinterpreted *Buma* and thereby erred in denying benefits to Jason's widow and child. Accordingly, we affirm the district court's order granting the Bumas' petition for judicial review.

_____, C.J.
Stiglich

We concur:

_____, J.
Lee

_____, J.
Bell