**FILED**
**Mar 05, 2024**
**02:51 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| ALAYNA FOWLER,<br>　　Employee, | ) | Docket No.: 2022-04-0172 |
| v. | ) | State File No.: 32598-2019 |
| CRACKER BARREL OLD<br>COUNTRY STORE, INC.,<br>　　Self-Insured Employer. | ) | Judge Robert Durham |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court held a hearing on February 26, 2024, on Cracker Barrel's Motion for Summary Judgment as to Ms. Fowler's claims for injuries to her left foot and ankle. The Court holds that Cracker Barrel must pay Ms. Fowler permanent partial disability benefits, including increased benefits, based on an impairment of 1% as well as reasonable and necessary medical treatment for her work-related injury. However, the Court grants Cracker Barrel summary judgment on Ms. Fowler's entitlement to additional temporary disability benefits or benefits for any other alleged injuries from the April 2019 incident.

### History of Claim

On April 29, 2019, Ms. Fowler rolled her left ankle while working at Cracker Barrel's distribution center. She received authorized care from Dr. Marc Tressler. Cracker Barrel filed a C-32 medical form prepared by Dr. Tressler. He placed Ms. Fowler at maximum medical impairment on December 15, 2021, and assigned a 1% impairment due to a tendon contracture in her left foot that he attributed to her work-related ankle sprain. He also diagnosed tarsal tunnel syndrome, but he could not relate this condition to Ms. Fowler's injury to a reasonable degree of medical certainty.

Cracker Barrel filed a motion for summary judgment that conceded Ms. Fowler's entitlement to permanent partial disability and medical benefits based on Dr. Tressler's C-32. Cracker Barrel also filed a Medical Impairment Rating Registry report from Dr. Paul Grutter and a Rule 72 Statement from the adjuster affirming that Cracker Barrel paid all authorized medical expenses and temporary disability benefits owed to Ms. Fowler at a compensation rate of $542.01. In its Statement of Undisputed Facts, Cracker Barrel also

1

admitted that Ms. Fowler was not making her preinjury wages on the day her compensation period ended, which entitles her to increased benefits based on lack of return to work and her age.

Ms. Fowler did not submit any discovery responses, depositions, affidavits, or C-32 reports to counter the records described above. Ms. Fowler's responses to Cracker Barrel's Statement of Undisputed Facts merely quoted medical records or contained allegations unsupported by admissible evidence.

## Law and Analysis

To prevail on her claim for benefits beyond those agreed to by Cracker Barrel, Ms. Fowler must prove causation and impairment to a "reasonable degree of medical certainty," which requires an expert medical opinion. Tenn. Code Ann. § 50-6-102(12)(C) (2023). Cracker Barrel asserts the admissible medical proof shows that Ms. Fowler only sustained a 1% impairment from her injury and her tarsal tunnel syndrome is not work-related.

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

To succeed on its motion, Cracker Barrel must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Fowler's claims; or (2) demonstrate that Ms. Fowler's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101. If Cracker Barrel meets its burden, then Ms. Fowler must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [her favor]." *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). The Court must view the evidence in the light most favorable to Ms. Fowler and must also draw all reasonable inferences in her favor. *McCann v. Hatchett,* 19 S.W.3d 218, 219 (Tenn. 2000).

Based on the undisputed facts, Cracker Barrel met both elements of summary judgment for this claim.

First, Cracker Barrel submitted a written medical report from Dr. Tressler. He determined maximum medical improvement, assigned a 1% impairment rating for the work-related injury, and said he could not, within a reasonable degree of medical certainty, attribute the tarsal tunnel syndrome to Ms. Fowler's employment. The Medical Impairment Rating Registry report from Dr. Grutter also assigned a 1% impairment. Finally, Cracker Barrel included a statement under Rule 72 of the Tennessee Rules of Civil Procedure from the adjuster affirming that Cracker Barrel paid all temporary disability benefits owed under Tennessee law.

2

Thus, Cracker Barrel offered affirmative evidence negating Ms. Fowler's claim for additional temporary and permanent partial disability benefits as well as medical treatment for the tarsal tunnel syndrome.

Second, Ms. Fowler did not submit any information that might constitute expert opinions in the form of a pleading, admission, interrogatory response, affidavit, deposition, or medical report under section 50-6-235 to dispute Cracker Barrel's evidence. Therefore, Cracker Barrel met the second element of summary judgment by establishing as a matter of law that Ms. Fowler has insufficient evidence to establish essential elements of her claims. Cracker Barrel's motion for summary judgment is granted.

IT IS, THEREFORE, ORDERED that:

1. The Court grants Cracker Barrel's Motion for Summary Judgment on the issues of additional temporary disability benefits, additional permanent partial disability benefits, and future medical treatment for Ms. Fowler's tarsal tunnel syndrome.

2. Cracker Barrel shall pay Ms. Fowler permanent partial disability benefits based on a compensation rate of $542.01 and a 1% impairment for a total of $2,439.05. Further, since she did not return to work at a pre-injury wage before her compensation period ended and is over the age of 40, she shall receive increased benefits under section 50-6-207(3)(B) for a total award of $3,951.25.

3. Lena Buck, Ms. Fowler's counsel, may receive 20% percent attorney's fees, or $790.25.

4. Dr. Tressler shall remain Ms. Fowler's authorized physician for any reasonable and necessary treatment for her work-related injury to her left ankle and foot.

5. Cracker Barrel shall pay costs of $150.00 to the Court Clerk within five business days.

6. Cracker Barrel shall prepare and submit the SD-2 within ten days of the date of judgment.

7. Unless appealed, this order becomes final in 30 days.

**ENTERED March 5, 2024.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on March 5, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Lena Ann Buck, Employee's Attorney | | | X | lenaannbuck@yahoo.com |
| Taylor Pruitt, Employer's Attorney | | | X | trp@feeneymurray.com |

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*