FILED
Feb 26, 2026
10:39 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **DANNY FLORIA,** ) | **Docket No. 2025-20-3955** |
| **Employee,** ) | |
| **v.** ) | |
| **DEMCOR, INC.,** ) | **State File No. 2184-2025** |
| **Employer,** ) | |
| **and** ) | |
| **FFVA MUTUAL INS. CO.,** ) | **Judge Brian K. Addington** |
| **Carrier.** ) | |

## EXPEDITED ORDER

Danny Floria sought an order requiring Demcor to provide benefits. Demcor argued that Mr. Floria's injury arose from horseplay and he was not entitled to any benefits. After an expedited hearing on February 20, 2026, the Court finds that Mr. Floria is not likely to succeed at a hearing on the merits in proving his entitlement to benefits.

### Claim History

Mr. Floria operated a chain saw for Demcor and was not a supervisor.

On November 22, 2024, he stopped work for lunch at a food truck located on Demcor's premises. Before he could order food, he noticed several other employees hurrying to the food truck. He suddenly lunged in a joking manner with his left arm to either stop them or get in front of them. He struck a worker and fell, landing on his arm.

Mr. Floria told Demcor's owner, Ismail Menguc, that a stampede of other workers ran over him, flipped him three times, and knocked him out. Mr. Floria refused transportation to the hospital despite having a serious injury, so Mr. Menguc followed him. Upon arrival, Mr. Floria asked Mr. Menguc to leave and then used his own insurance.

Mr. Menguc was angry with the co-worker who allegedly knocked Mr. Floria down and intended to terminate him. However, Mr. Menguc believed Mr. Floria was known to stretch the truth, so he decided to review a video of the incident. According to him and his

1

supervisor, the video showed Mr. Floria lunging in front of the employee rather than the employee running over him.[1]

Later that day, Mr. Floria returned to the office, and Mr. Menguc confronted him with his version of the accident. Mr. Floria admitted to "horseplay," specifically using that word. However, Mr. Menguc did not terminate him but sent him home with pay until he recovered. He then returned to Demcor to work modified duty for two weeks, after which Mr. Floria refused additional light-duty. Mr. Menguc then terminated him.

Mr. Floria first stated that Demcor did not pay him after the incident but then admitted on cross-examination that it paid him both while he was off work and when he was on light-duty. He testified he has not worked since his termination because he cannot.

Mr. Floria asserted Demcor wrongly denied his claim and denied engaging in horseplay. Demcor argued that Mr. Floria never intended to file a workers' compensation claim and only did so after his termination. Regardless, Demcor asserted that the injury did not arise primarily out of and in the course and scope of his employment.

## Findings of Fact and Conclusions of Law

Mr. Floria must show a likelihood of proving at a hearing on the merits that he is entitled to benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Floria must prove his injury arose primarily out of and in the course and scope of his employment. *Id.* § 50-6-102(12). Citing longstanding Tennessee law, the Appeals Board has explained:

> "[A]n injury by accident to an employee is in the course of employment if it occurred while he was performing a duty he was employed to do; and it is an injury arising out of employment if caused by a hazard incident to such employment." Generally, an injury arises out of and is in the course and scope of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of his employment.

*Scarbrough v. Right Way Recycling, LLC,* 2015 TN Wrk. Comp. App. Bd. LEXIS 9, at *10 (Apr. 20, 2015) (Internal citations omitted). Horseplay, on the other hand, is "a voluntary act . . . that [is] in no way connected with or incidental to the employment. *Brown v. Aetna Cas. & Sur. Co.*, No. 01-S01-9010-CH-00090, 1991 Tenn. LEXIS 157, at *5-6 (Tenn. Apr. 15, 1991).

The Court finds Mr. Floria intended to participate in horseplay with the other employees. He did not supervise any employees or have the authority to interfere with an employee going to lunch. Both witnesses to the video testified that Mr. Floria initiated

---

[1] The parties did not present any eyewitnesses to the incident or the video, which has since been deleted.

contact with the other employee and lunged or put his arm out to stop the other employee from passing him.

Mr. Floria, however, disputed this, testifying that the employees who struck him were coming straight toward him, and he just put up his arms to protect himself. Mr. Floria also testified he flipped three times after being struck and was knocked unconscious. This corresponds with his demonstrated tendency to exaggerate. In sum, the Court does not accredit his testimony.

The Court finds Mr. Floria's actions at the time of his injury were not causally connected to his employment because they did not further Demcor's interests, nor did Demcor allow them. *See Jordan v. United Methodist Ministries*, 740 S.W. 2d 411, 412 (Tenn. 1987). Further, considering *Scarborough*, his injury did not arise out of the course and scope of his employment because his actions had no rational connection to his work at Demcor, nor was he engaged in the duties of his employment. In other words, horseplay with employees that are going to pass you on the way to lunch cannot be regarded as arising primarily out of and in the course and scope of employment under the Workers' Compensation Law.

It is **THEREFORE ORDERED AS FOLLOWS**:

1. The Court denies Mr. Floria's request for benefits at this time.

2. This case is set for a status hearing on **May 16, 2026**, at **2:00 p.m. Eastern**. The parties must dial **855-543-5044** to participate in the hearing.

**ENTERED February 26, 2026**

Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

**Exhibits:**
1. Rule 72 Declaration of Danny Floria, Sr.
2. Wage Statement
3. Affidavit of Ismail Menguc
4. Rule 72 Declaration of Aaron Goover
5. Deposition transcript of Danny Floria
6. Deposition transcript of Ismail Menguc
7. Medical records of Dr. Nicholas Grimaldi
8. Medical records from Newport Medical Center
9. Employee's Responses to Employer's First Set of Interrogatories
10. Medical records from Jefferson Memorial Hospital
11. Pay Stubs

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on February 26, 2026.

| Name | Email | Service sent to: |
| --- | --- | --- |
| Adam Brock-Dagnan, Employee's Attorney | X | adam.brockdagnan@forthepeople.com<br>Christopher.howell@forthepeople.com |
| Garett Franklyn, Matthew Wells, Employer's Attorneys | X | gfranklyn@mijs.com<br>mgwells@mijs.com<br>dbailey@mijs.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*